**STATE of Iowa, Appellee,**

v.

**Lacy Laverne KELLEY, Appellant.**

**No. 54470.**

Supreme Court of Iowa.

March 16, 1972.

John C. Platt, and Paul H. Kinion, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Robert Jacobson, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

BECKER, Justice.

Defendant appeals from conviction for first degree murder following plea of guilty to open count of murder. His sole assignment of error is ineffective assistance of counsel. We affirm.

In the early morning of January 7, 1970, the body of Thomas Noethe, an attendant, was discovered in the Trax Oil Station in Cedar Rapids. Cause of death was a contact shotgun wound in the head. An empty casing of a Hawthorne Reliance 16 gauge shotgun shell was discovered at the scene. Store records revealed Lacy Kelley had purchased a box of such shells on January 5, 1970. The victim's brother informed police a cigar box marked "Trax" in which money was kept and a coin changer were missing. Captain Johnson testified, "With this information and information from other witnesses, a search warrant was obtained." A cigar box and money changer identified by the victim's brother were discovered in Kelley's apartment as well as a 16 gauge shotgun. An FBI report indicated the shotgun was the one used to kill Noethe. Kelley's fingerprints were also found on the cigar box. On January

9, 1970 the police obtained a confession from Kelley in which he admitted holding up the gas station and shooting Noethe.

The grand jury returned an indictment of murder in the first degree (in the perpetration of a robbery) on April 10, 1970. On 24, defendant moved to suppress the confession and evidence obtained under the search warrant. Defense counsel also moved for a psychiatric examination. The latter motion was granted. On June 5, defendant offered to plead guilty to second degree murder but the offer was rejected. He then entered a plea of guilty to murder and withdrew his motion to suppress. The court fully informed defendant of his rights according to the rules recognized in State v. Sisco, 169 N.W.2d 542 (Iowa 1969). He explained to defendant that murder in the perpetration of a robbery is first degree murder.

On July 13, 1970, a hearing to determine the degree of guilt as required by section 690.4, Code 1966, was held. Defense counsel used their client's confession in which defendant admitted the robbery but said the shotgun went off by accident as he was backing away from decedent. From this they argued the killing should be found to be second degree murder. The court found defendant guilty of first degree murder and sentenced him to life imprisonment.

Defendant contends he was denied effective assistance of counsel. His contentions are that his two court-appointed lawyers should not have waived the motion to suppress and they relied on an ignorant misconception of the law to argue for reduction of the finding to second degree murder; i. e., section 690.1, Code, 1966, requires first degree murder for a homicide committed in the perpetration of a felony and the finding could not encompass a lesser included offense.

The State contends neither decision was made in ignorance. After the decision to plead guilty was made, the confession was used to show defendant always claimed the shooting was accidental. The argument that an accidental felony murder would be second degree, while tenuous, finds some support in State v. Kelley, 253 Iowa 1314, 115 N.W.2d 184 (1962); State v. Bruntlett, 240 Iowa 338, 36 N.W.2d 450 (1949); Gray v. State, 463 P.2d 897 (Alaska 1970) (citing Ohio cases).

I. We find defense counsel were competent and provided defendant with a competent defense. Counsel were confronted with a very strong case based on circumstantial evidence and a confession. There was also a strong showing that the search warrant under which the evidence was seized was valid. The circumstances under which the confession was obtained also contained a strong showing of validity. Faced with this evidence counsel first tried to have their client plead guilty to second degree murder. This offer was rejected. Defendant then plead guilty to an open charge of murder and argued that because of the accident contention the determination of guilt should be second degree murder.

The court, relying on State v. Brown, 253 Iowa 658, 113 N.W.2d 286 (1962); State v. Hodge, 252 Iowa 449, 105 N.W.2d 613 (1961); State v. Jackson, 251 Iowa 537, 101 N.W.2d 731 (1960); and People v. Chapman, 261 Cal.App.2d 149, 67 Cal. Rptr. 601 (1968), found defendant guilty of first degree murder.

Defendant concedes that improvident strategy, bad tactics, mistaken carelessness or inexperience do not necessarily amount to ineffective assistance of counsel. Kime v. Brewer, 182 N.W.2d 154, 156 (Iowa 1970); State v. Kendall, 167 N.W.2d 909, 910 (Iowa 1969). But he contends where trial counsel fails to prepare, and an available defense was omitted through ignorance of the facts or law, defendant has been denied effective assistance of counsel. Chalk v. Beto, 429 F.2d 225 (5 Cir. 1970); Caraway v. Beto, 421 F.2d 636, 637 (5 Cir. 1970); People v. McDowell, 69 Cal.2d 737, **73 Cal.Rptr.** 1, 447 P.2d 97 (1968). De-

fendant's present argument comes to this: counsel waived a potentially valid defense (waiver of motion to suppress plus plea of guilty) for a wholly unsupportable argument for reduction of degree of guilt. We agree with the legal postulates but disagree with the factual interpretation. In Caraway v. Beto, supra, the court said:

" * * * Our adversary system is designed to serve the ends of justice; it cannot do that unless accused's counsel presents an intelligent and knowledgeable defense. Such a defense requires investigation and preparation. * * *." (Loc. cit. 421 F.2d at page 637).

As to guilty pleas, this court said in State v. Rife, 260 Iowa 598, 602, 149 N. W.2d 846, 848 (1967):

"The decision how to plead, of course, is one for the defendant. The ultimate decision must be his, but of course before he can do so intelligently he is entitled to advice on the law of the crime charged and enlightened on the probable outcome of the trial, as well as the punishment he may receive. Since the plea of guilty effectively waives all defenses and objections, inadequacy of advice at the pleading stage cannot be later cured. An experienced appraisal of the available evidence frequently indicates that the chance of a successful defense is negligible. A defense attorney may then be serving his client best by advising him to plead guilty and strive for the most lenient treatment possible. To counsel this strategy is not to advise inadequately even if the expectation of leniency is subsequently disappointing. Monroe v. Huff, 79 U.S.App.D.C. 246, 145 F.2d 249."

Under the record as now presented to us defendant had effective assistance of counsel. There is no evidence that counsel were unaware of the statute and the cases cited. On the contrary the arguments indicate they had done their legal preparation well. They cited the cases in Iowa, Alaska and Ohio that sustained their argument.

State v. Kelley, supra; Gray v. State, supra, and Ohio cases cited therein. They were unsuccessful but this does not make them incompetent.

Affirmed.

All Justices concur.