**STATE of Iowa, Appellee,**

v.

**Richard L. FIELDS, Appellant.**

**No. 55139.**

Supreme Court of Iowa.

June 29, 1972.

Edward L. Moran, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., Edward Samore and Zigmund Chwirka, Sioux City, for appellee.

RAWLINGS, Justice.

Defendant Richard L. Fields was charged with murder, tried, convicted of manslaughter and accordingly sentenced. He appeals. We affirm.

May 12, 1967, Fields and Warren Shaw terminated a South Sioux City, Nebraska partnership. Fields then received a $400 check.

May 13, 1967, Shaw, accompanied by Marshall McCain and Thomas Sego, entered defendant's Sioux City apartment. Shaw pointed a pistol at Fields, McCain held a knife at his throat, and Sego knocked him down. Defendant surrendered the check.

The night of October 16, 1967, defendant, his wife, a friend, and Sherrie South were seated in a Sioux City tavern. Sego approached them. There is a conflict in the record as to what actually then occurred, save and except Fields shot and killed Sego.

In support of a requested reversal defendant argues, (1) trial court erred in permitting the State to impeach its witness, Sherrie South; (2) he was not accorded effective assistance of retained counsel; (3) due to State's failure to prove beyond a reasonable doubt he acted in self-defense, his close of trial motion for directed verdict should have been sustained.

I. *IMPEACHMENT?*

On direct examination State's witness South testified, in substance, early in

the evening Fields showed her a 38 caliber gun he had. She subsequently saw Sego grab Mr. Fields by the throat, around the neck. Cross-examination disclosed this witness saw Sego grab Fields by the throat but she did not know where or how. On redirect interrogation the witness testified, in response to a question by the county attorney, she could not tell what parts of his two hands Sego had on Fields' throat. Defendant claims the foregoing response elicited on redirect examination constitutes interdicted impeachment by the State of its own witness.

It is evident defendant here foundations his claim of impeachment upon what may be best characterized as testimonial inconsistency or contradiction.

The question thus posed was determined adverse to this defendant in State v. Thomas, 162 N.W.2d 724, 727 (Iowa), where we said:

"A witness may contradict her prior statements introduced as substantive evidence and her testimony is to be weighed by the jury under the general instruction on credibility.

" * * * 'Impeachment is by showing contradictory statements which have been made out of court and which are at variance with the testimony at the trial.' State v. Griffith, 241 Iowa 1328, 1330, 45 N.W.2d 155, 156. It is within the court's discretion to permit a witness to correct testimony previously given. 98 C.J.S. Witnesses, § 318b, p. 17."

See generally State v. Tornquist, 254 Iowa 1135, 1156, 120 N.W.2d 483; 3A Wigmore on Evidence, § 1040 (Chadbourn rev.); McCormick on Evidence, § 34; 3 Jones on Evidence, § 857 (4th ed.); M. Mason, Impeachment or Discrediting of a Witness, Sept. 1969 (unpublished Treatise, Iowa State Bar Association, Continuing Legal Education).

Defendant's first assignment is without merit.

## II. COMPETENCY OF COUNSEL?

■ In assailing his retained Texas attorney defendant takes the position ineffectiveness is demonstrated by absence of counsel's objection to Exhibits 4 and 5. These were photographs of an unspent bullet found on the tavern floor after the instant affray. The bullet shown did not fit defendant's gun.

Inceptionally we find no citation of authority in support of the foregoing claim. See State v. Fiedler, 260 Iowa 1198, 1201–1202, 152 N.W.2d 236.

Pursuant to The Code 1971, Section 793.18, we have viewed the above assignment and find it devoid of substance.

Absence of objection to the controversial exhibits may well have been the result of trial tactics or strategy. See State v. Kendall, 167 N.W.2d 909, 910 (Iowa); Holnagel v. Kropp, 426 F.2d 777, 779 (6th Cir.); Scott v. United States, 334 F.2d 72, 73 (6th Cir.), cert. den. 379 U.S. 842, 85 S.Ct. 81, 13 L.Ed.2d 48.

In any event, no probability of prejudice is apparent. Neither can it be said absence of objection to photographic Exhibits 4 and 5 deprived defendant of a fair trial.

## III. SELF-DEFENSE?

Fields' last contention is also devoid of supportive authority.

■ In substance, Fields here contends the State failed to prove beyond a reasonable doubt he did not act in self-defense.

Defendant correctly assumes such was the State's burden. See State v. Badgett, 167 N.W.2d 680, 683 (Iowa).

■ On the other hand absence of self-defense may be established by direct or circumstantial evidence. State v. Badgett, 167 N.W.2d at 684.

■ Furthermore, in considering claimed insufficiency of evidence to sus-

tain a conviction we view all evidence in that light most favorable to the State, and accept as established all reasonable inferences tending to support the jury's action. It is necessary to consider only the supporting evidence whether contradicted or not. Also, it is for the fact finder, not us, to decide questions of fact and determine credibility of witnesses. And a finding of guilt is binding on this court unless without substantial support in the record. E. g., State v. Hackett, 197 N.W.2d 569 (Iowa), (opinion filed May 11, 1972); State v. Jennings, 195 N.W.2d 351, 357 (Iowa); State v. Beer, 193 N.W.2d 530, 531 (Iowa).

■ Here, in addition to that previously attributed to Sherrie South, the State's evidence discloses:

Sego grabbed Fields by the neck, both sides of his suit coat, yanked him out of the booth and hit him; Sego went to the booth, grabbed Fields around the waist, then there were two shots; shortly after the fatal skirmish an assistant police chief was told by Fields he was afraid of Sego who had grabbed him by the front of his shirt, and he had shot Sego.

Defendant testified, in substance, when he first saw Sego in the tavern the latter was on top of and choking him, he couldn't breathe, was afraid, and shot Sego to protect himself. Mrs. Fields' testimony is to the effect Sego was choking and threatening to kill her husband who was at the time shoved against her, a shot was fired, Sego raised up, hit Fields again, got him by the throat, then backed off and fell. Another defense witness stated Sego was bending over and choking Fields when the shots rang out.

From the foregoing array of conflicting testimony differing inferences might reasonably be drawn. Among other things the jury could have found defendant anticipated and was prepared for quick use of his gun at any time, under any circum-

stances, and the killing was not in self-defense.

Viewing all relevant evidence in a light most favorable to the prosecution it fairly created a jury issue regarding the asserted self-defense issue. See 41 C.J.S. Homicide § 344.

Trial court committed no error in overruling defendant's motion for a directed verdict.

Affirmed.

All Justices concur.