Jerry Louis PARSONS, Appellant,

v.

Lou V. BREWER, Warden, Iowa State Penitentiary, Appellee.

No. 55029.

Supreme Court of Iowa.

Nov. 15, 1972.

Following that incident Parsons was taken to the office of Deputy Warden Nelson and there interrogated in the presence of armed guards. None of the so-called Miranda warnings were given prior to any questioning. Neither was Parsons accorded assistance of counsel, though requested. He also asserts his incriminatory statement, ultimately given, was induced by fear of the guards and after Nelson had said, "You don't need a lawyer. I want to know what happened. That's the only way I can help you."

Later that evening the county attorney questioned Parsons, absent Miranda warnings, or assistance of counsel, again several times solicited.

Parsons was thereupon confined in cell B–2, located in front of a guard's desk, rather than the one ordinarily occupied by him before the stabbing. Fourteen days later he was officially charged and taken before a magistrate.

George E. Wright, of Napier, Napier & Wright, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., Robert B. Dickey, County Atty., and Sidney E. Drake, Deputy County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

RAWLINGS, Justice.

Appeal by applicant, Jerry Parsons, from trial court's denial of postconviction relief sought pursuant to Acts of the Sixty-Third General Assembly, Chapter 1276 (The Code 1971, Chapter 663A). We affirm.

June 1, 1964, Parsons was convicted of manslaughter on a jury verdict and accordingly sentenced. No appeal was then taken.

The foregoing conviction stemmed from an original charge of murder occasioned by an April 4, 1964 fatal stabbing of a fellow penitentiary inmate.

Parsons was represented by an attorney at the ensuing murder trial and has had benefit of counsel at all stages of this postconviction proceeding.

On appeal it is urged, trial court erred in denying Parsons' application because:

1. He was denied right to counsel at critical stages.

2. The confession given by him was coerced and made without benefit of advice regarding his rights and absent counsel, therefore inadmissible in evidence on trial.

3. He was denied due process of law when the State failed to promptly take him before a magistrate.

4. He was not permitted to challenge the grand jury.

5. The jury instruction given on self-defense erroneously and prejudicially placed the burden as to same on him.

6. He was charged with murder and erroneously convicted of manslaughter, not an included offense, thus put in double jeopardy.

7. His court appointed trial counsel was inadequate and ineffective.

■ I. Parsons was afforded a full evidentiary hearing on the instant application. Trial court's attendant findings are binding on us if substantially supported by the record, unless induced by an erroneous concept of the law. Thus our review is not de novo. See Iowa R.Civ.P. 344(f)(1); State v. Masters, 196 N.W.2d 548, 550 (Iowa 1972).

II. Applicant-appellant's first two assigned errors are interrelated and will be accordingly considered.

■ The murder trial here involved occurred prior to issuance of opinions in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Furthermore, those decisions have not been deemed to apply retroactively. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); State v. Thrasher, 175 N.W.2d 397, 399 (Iowa 1970).

Thus admissibility in evidence of Parsons' 1964 confession must, as a constitutional matter, be determined by application of concomitant case law explicating the due process standard of voluntariness.

On the other hand, Parsons maintains his confession, being the product of psychological coercion, was not voluntarily given, therefore inadmissible in evidence even under pre-Miranda-Escobedo decisions. In taking that stand he leans heavily on Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L. Ed.2d 760 (1961); Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958). But these cases are illustrative of relatively extreme situations, not instantly apposite.

As heretofore disclosed, applicant-appellant contends the confession was involuntary in that he was (1) denied assistance of an attorney, (2) not advised of his rights, (3) induced to speak by reason of Nelson's inference of help, (4) in fear because armed guards were present.

■ Lack of counsel, absence of advice regarding basic rights, and Nelson's statements were not per se coercive. Individually and collectively they were no more than a part of the total portrait to be viewed in determining whether actual coercion served to overcome Parsons' will as a suspect. See Clewis v. Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963); 3 Wigmore on Evidence, § 826 at 352–354 (Chadbourn rev. 1970).

■ The remaining factor, i. e., presence of armed guards, was neither unusual, nor can we reasonably conclude that Parsons, a penitentiary inmate, was not accustomed to more or less constant surveillance by well-equipped institutional officers.

Looking to the other side of the coin it would be nothing less than unreasonable, under existing circumstances, to hold Nelson was required to interrogate Parsons with no guards present.

Furthermore, Parsons may be confusing fear with the emotional reaction to a recent prison affray, which hardly qualifies as a coercive element.

The burden was upon applicant to establish his claim of coercion by a preponderance of the evidence. See Code Section 663A.7; Iowa R.Civ.P. 344(f)(5); ABA Standards Relating to Post-Conviction Remedies, § 4.6(d) (Approved Draft 1968). This burden he failed to carry.

Stated otherwise, Parsons did not establish by the requisite degree of proof that his confession, viewed reasonably in light of the totality of circumstances, was involuntarily given. See generally Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L. Ed.2d 524 (1971). Trial court's finding to the same effect is supported by substantial evidence.

■ III. Neither is there merit in the contention that applicant is entitled to the relief sought because he was not taken before a magistrate without unnecessary delay after having confessed.

The Code 1962, Section 757.7, provided, in substance, the defendant, *when arrested,* shall be taken before a magistrate or clerk without unnecessary delay. See also Code § 757.2.

As best we can determine, Parsons was confined in cell B–2 pending further investigation, not being arrested for the instant offense until taken before a magistrate. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 459–463, 30 L.Ed.2d 468 (1971). See generally Woodson v. Brewer, 437 F.2d 1036, 1039 (8th Cir. 1971); State v. Jennings, 195 N.W.2d 351, 354 (Iowa 1972); State v. Hodge, 252 Iowa 449, 458, 105 N.W.2d 613 (1960), appeal dismissed, cert. denied, 368 U.S. 402, 82 S. Ct. 437, 7 L.Ed.2d 394 (1962).

■ IV. Parsons next asserts he was not permitted to challenge the grand jury. That claim, absent supportive argument or authority, is deemed waived. See Iowa R. Civ.P. 344(a)(4)(Third).

■ V. This brings us to the matter of the murder trial instructions given, more particularly those regarding self-defense.

In this area error, if any, is not preserved. A close examination of the record discloses no jury instructions were requested and no objections or exceptions to those given were interposed prior to submission, or after verdict by motion for new trial or in arrest of judgment. See Code § 780.35

and Iowa R.Civ.P. 196; Code Chapters 787–788.

By reason thereof any error is deemed waived. See State v. Hraha, 193 N.W.2d 484, 485–486 (Iowa 1972); State v. Franklin, 163 N.W.2d 437, 441 (Iowa 1968); State v. Ford, 259 Iowa 744, 751–752, 145 N.W.2d 638 (1966).

Pursuant to Code § 793.18 we have, however, considered the instructions given as a whole, not piecemeal. See State v. Wallin, 195 N.W.2d 95, 99 (Iowa 1972). They reveal the jury was unequivocally told, not less than three times, the burden was upon the State to prove beyond a reasonable doubt Parsons was not acting in self-defense. See State v. Fields, 199 N.W.2d 144, 146 (Iowa 1972).

Although instruction 31–A is neither a model of clarity nor approved, we are not convinced the jury was thereby misled, and further find no basis upon which to now hold that when fairly construed it served, in effect, to deny applicant a fair trial.

■ VI. The assignment presented by Parsons that he was charged with murder and erroneously convicted of manslaughter, not an included offense, therefore placing him in double jeopardy, is neither argued nor viable. See Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); Iowa R.Civ.P. 344(a)(4)(Third); State v. Wilson, 166 Iowa 309, 323, 144 N.W. 47 (1913). See also State v. Drosos, 253 Iowa 1152, 1163–1165, 114 N.W.2d 526 (1962).

■ VII. Finally, Parsons asserts he was not afforded adequate or effective counsel in course of his murder trial.

This issue must be resolved adverse to him under our instantly controlling pronouncement in State v. Fields, 199 N.W.2d at 146. See generally ABA Standards Relating to The Prosecution Function and The Defense Function (Approved Draft 1971).

In any event, effective assistance of counsel does not mean successful. Rather, it denotes conscientious, meaningful legal representation wherein the accused is advised of his rights and honest, learned and able counsel is accorded reasonable opportunity to perform his assigned task. Improvident trial strategy, miscalculated tactics, mistake, carelessness or inexperience do not necessarily amount to ineffective counsel. Only in rare cases where it is shown the trial as a whole was a farce and mockery of justice will a conviction be set aside because of claimed inadequacy of counsel. See State v. Kelley, 195 N.W.2d 702, 703–704 (Iowa 1972) and citations. But see Blanchard v. Brewer, 429 F.2d 89, 90–92 (8th Cir. 1970).

Upon the record before us we cannot say Parsons' murder trial counsel was ineffective.

Affirmed.