STATE of Iowa, Appellee,

v.

Donald MASSEY, Appellant.

No. 55755.

Supreme Court of Iowa.

May 23, 1973.

Reilly & Lemon, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen. and Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for delivery of a controlled substance, heroin, in violation of Code § 204.-401. The sole issue is whether he was denied effective assistance of counsel. We affirm the trial court.

Defendant was charged with the offense by county attorney's information filed February 18, 1972. It was alleged to have occurred on December 30, 1971. Minutes of testimony of three witnesses were endorsed on the information. They included: Phil-

lip Booker, an undercover police employee who allegedly made the purchase of heroin from defendant; Jack Morton, a Des Moines policeman who allegedly observed the transaction; and Dennis Chapman, a state chemist who allegedly received and analyzed the substance purchased, finding it to be heroin.

On April 3, 1972, defendant was arraigned. He made application for appointment of counsel on the basis of indigency. Attorney Gary H. Swanson was appointed to represent him. Thereupon, with assistance of his attorney, defendant acknowledged he had received a copy of the information, was informed against in his true name, waived formal arraignment, and entered a plea of not guilty.

On April 18, 1972, defendant requested that attorney Leslie Roberts be appointed in place of Swanson. The court acceded to defendant's request and appointed Roberts. Attorney Swanson withdrew.

The case was tried on June 9 and 12, 1972. The State offered the testimony of the three witnesses shown on the information. Booker testified he and his automobile were searched by police in the evening of December 30, 1971, and they gave him $15 in cash. He stated he then drove to 11th and University in Des Moines where at 8:42 p. m. he purchased two capsules of heroin from defendant in front of the Ebony Lounge for $14. Booker asserted he asked defendant if he knew where he could get drugs, defendant said "Yeah," asked Booker how much he wanted, was told "two pills," took the $15, went inside the Ebony Lounge and when he came back out gave Booker the two capsules and $1 change. Booker said he rejoined the police, gave the capsules and $1 change to officer Morton, and he and his car were searched again. Morton testified he participated in the searches which were made to assure Booker had no other drugs or funds in his possession. He stated he kept Booker under surveillance and observed the transaction with defendant. He later

received the capsules from Booker, preserved them as evidence, and subsequently delivered them to chemist Chapman. Chapman testified he analyzed one of the capsules received from Morton and it contained heroin.

Attorney Roberts extensively cross-examined each of the State witnesses, especially testing the observations of Booker and Morton and their identification of defendant. He also elicited an admission from Booker that he had previously used drugs.

Defendant elected to testify in his own behalf. The record shows he was initially advised by attorney Roberts of his right to remain silent. He testified he did not remember where he was the evening of December 30, 1971, although he might have been at 11th and University because he did frequent the taverns there. He denied seeing Booker or selling heroin to him on that date and denied he was a "dealer in narcotics."

Prior to jury argument attorney Roberts moved for continuance of the case on grounds he had not been furnished a copy of the county attorney's information until the first day of trial, had desired more time to prepare, and there was a news report concerning a similar case published during trial which might prejudice the jury against defendant. After colloquy with the court he converted his motion to one for mistrial. The State resisted. Then the court said:

"Well, Mr. Roberts, the court doesn't feel that you have shown thus far any ground for a motion for mistrial. However, if you were to make a motion for mistrial on the basis that counsel has inadequately prepared the case and inadequately tried the case so the defendant can't have an adequate trial, the court will listen to that kind of motion for mistrial, if you want to make a motion on that basis, but that is up to you."

No additional motion was made.

Defendant was convicted and sentenced. New counsel was appointed to represent him on this appeal.

General principles of law applicable to the issue of denial of effective assistance of trial counsel are set forth in Scalf v. Bennett, 260 Iowa 393, 399–400, 147 N.W. 2d 860, 864 (1967), and quoted in State v. Kendall, 167 N.W.2d 909, 910–911 (Iowa 1969); see also State v. Kelley, 195 N.W. 2d 702 (Iowa 1972); Kime v. Brewer, 182 N.W.2d 154 (Iowa 1970). These principles are not in dispute and will not be restated here.

The gist of defendant's argument is that attorney Roberts said he did not adequately prepare the case, trial court recognized this in inviting him to move for mistrial on the basis of inadequate preparation and inadequate representation at trial, and even though it is speculative to say adequate preparation would have resulted in acquittal, it is more speculative to assume it would not have done so.

Attorney Roberts actually said he wanted more time to prepare; he did not say he was in fact inadequately prepared to go to trial. Although trial court gave him an opportunity to raise the question of adequacy of preparation by formal motion for continuance before trial and by motion for mistrial after the evidence was in, he did not do so. Nor did trial court say the motion for mistrial, if made, would be sustained.

■ We disapprove the failure of trial counsel to avail himself of a copy of the county attorney's information until the day of trial and to take advantage of the seven week period between his appointment and commencement of trial to complete such pretrial investigation as he believed reasonably necessary. This failure is not sufficient however, in itself, to establish an unconstitutional denial of effective assistance of counsel.

■■ When lack of preparation is asserted as the basis of denial of proper rep-

resentation, the entire record must be examined and the totality of circumstances evaluated to determine counsel's effectiveness. Rastrom v. Robbins, 440 F.2d 1251, 1252–1254 (1 Cir. 1971), cert. denied 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107. Simplicity of issues and the quality of counsel's performance at trial bear on the question. DeRoche v. United States, 337 F.2d 606, 608 (9 Cir. 1964). The test is whether in all the circumstances counsel's performance was within the range of normal competency. Moore v. United States, 432 F.2d 730, 737 (3 Cir. 1970). To warrant finding a deprivation of due process, such circumstances must include "an affirmative factual basis demonstrating counsel's inadequacy of representation." In re Parker, 423 F.2d 1021, 1025 (8 Cir. 1970).

■ If a review of the record shows counsel alertly and capably defended his client's rights throughout the trial, an assertion by counsel before trial that he needed more information to prepare his case is not conclusive in establishing inadequate representation. Kilgore v. United States, 323 F.2d 369, 372–373 (8 Cir. 1963), cert. denied, 376 U.S. 922, 84 S.Ct. 681, 11 L.Ed.2d 617.

There is no record in this case as to what attorney Roberts did to prepare for trial. Nor do we know what transpired between him and defendant. In view of his workmanlike conduct of the defense at trial we are unwilling to assume he did not adequately prepare. Counsel on appeal does not suggest anything he improperly did or omitted to do at trial. The factual and legal issues do not appear complex. The success of the prosecution depended on identification of defendant as the seller of the heroin. Identification was made in court. It was challenged by detailed cross-examination. Defendant denied involvement in the transaction. The fighting issue in the case was the credibility of the State's identification testimony.

■ While we will not tolerate perfunctory performances by lawyers appointed to represent indigent defendants in criminal cases, and we do not wholly approve the performance of defendant's trial attorney in this case, we do not believe the totality of circumstances includes an affirmative factual basis sufficient to say his representation fell below the constitutional norm.

Affirmed.