**Steven Ray WYCOFF, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 57294.**

Supreme Court of Iowa.

Feb. 19, 1975.

Robert N. Clinton and Barry A. Lindahl, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., William Ridout, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP, and REYNOLDSON, JJ.

MASON, J.

This is an appeal by Steven Ray Wycoff from an order of the trial court dismissing his application for postconviction relief under the provision of the Uniform Postconviction Procedure Act as contained in chapter 663A, The Code. The appeal presents the question whether the late appointment of counsel in Wycoff's probation revocation proceedings and counsel's subsequent lack of time for preparation denied petitioner effective assistance of counsel as a matter of law.

Wycoff was convicted of larceny in the nighttime in violation of section 709.4, The Code, pursuant to his guilty plea accepted by the court. He was sentenced to a period not to exceed ten years at the Men's Reformatory at Anamosa. The sentence was suspended and Wycoff was placed on probation with the Bureau of Adult Correction Services.

August 31, 1971, Wycoff signed a probation agreement in which he agreed to secure and maintain employment, to obey all state and federal laws, and to conduct himself honestly and keep reasonable hours. Apparently an 11:00 p. m. curfew was later imposed upon Wycoff by his probation officer after he had been out late on several occasions, but there was some dispute on this.

December 15 Wycoff's probation officer recommended probation be revoked because of refusals to work, curfew breach, and state and local law violation. Lloyd Munneke testified at the revocation hearing Wycoff had admitted breaking into a shoe store and the home of an assistant counselor.

In any event, on January 4, 1972, Judge Murray S. Underwood appointed David A. Fitzgibbons of Estherville to represent Wycoff at the revocation hearing which was held January 10. At the hearing Fitzgibbons stated he had neither received a copy of the probation revocation application nor had talked with Wycoff until approximately one hour before the hearing commenced. However, Fitzgibbons stated *three* times he was ready for the hearing to commence. At this hearing probation was revoked based upon the grounds stated by the probation officer.

June 14, 1973, Wycoff applied pro se for postconviction relief alleging denial of his right to counsel and due process of law

under Amendments 6 and 14 to the United States Constitution. Wycoff asserted he was not allowed to make a phone call while being held at the Emmet County jail prior to the revocation hearing and did not talk with his attorney until the hour before the hearing.

The appendix of the testimony is anything but profuse. Clarence L. Hackett, Estherville Chief of Police, testified Wycoff asked to call an attorney on numerous occasions although Hackett himself could not specifically (or generally) state what his answers to these requests were. Hackett did state he thought Wycoff was given the opportunity to contact his attorney although he never took him to a telephone.

Wycoff testified he "just got the complete runaround" on the occasions he requested to call an attorney and that the authorities informed him his parole officer had not given permission to make such a call.

Judge Underwood dismissed the application for postconviction relief, finding Wycoff was afforded the effective assistance of competent counsel and that since a continuance was not requested any error was waived.

I. Wycoff does not claim Mr. Fitzgibbons was unskilled or incompetent, but that he was denied effective assistance of counsel due to the time element involved. "Indeed, Appellant would quarrel only with * * * (Mr. Fitzgibbons') * * * failure to request a continuance and its attendant consequences."

Wycoff contends once the trial judge discovered Wycoff's counsel had only prepared one hour he should have recognized that counsel could not render effective assistance and it was the court's obligation at this point to protect petitioner's constitutional rights by ordering a postponement of the hearing.

Petitioner thus asserts it was Judge Underwood's decision to proceed with the revocation hearing which caused the constitutional infirmities relied on for reversal.

Wycoff argues in effect that although an attorney well experienced in criminal law and the defense of persons charged with crimes considered himself adequately prepared to proceed with the hearing, Judge Underwood should nevertheless have ordered a continuance on his own motion disregarding the attorney's statements.

This argument is made in the face of a record which discloses David Fitzgibbons had been continuously engaged as a regular practicing attorney in Iowa for over 15 years, had formerly served as county attorney of Emmet County and in the trial court's opinion customarily afforded his clients vigorous and competent representation in all criminal matters. The record also discloses Fitzgibbons had represented Wycoff in connection with the original charge of larceny in the nighttime.

■ Although petitioner insists he does not claim Fitzgibbons was unskilled or incompetent, he does maintain the trial court "grossly misperceived the issue" when it concluded Wycoff was afforded and received effective assistance of competent counsel, meeting all the standards of constitutional requirements. Nevertheless, it is this court's opinion the reputation and experience of the attorney in criminal matters and his knowledge of the applicable law are important factors in determining whether the trial court had an independent obligation to direct a continuance of the matter in order to protect the petitioner's constitutional rights or whether the court in such circumstances is justified in relying upon counsel's statement he is prepared to proceed with the hearing.

As we understand petitioner's argument it starts with the premise he was entitled to the assistance of counsel at the revocation hearing. In light of the record that counsel was in fact appointed in this matter, much of petitioner's written argument becomes immaterial.

Wycoff next argues once counsel is appointed he is entitled to effective counsel,

one who had had adequate time to prepare and present his client's case.

" 'Effective' [assistance of counsel] does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him. \* \* \* [citing authorities]." Scalf v. Bennett, 260 Iowa 393, 399, 147 N.W.2d 860, 864; State v. Kendall, 167 N.W.2d 909, 910 (Iowa 1969). See also Parsons v. Brewer, 202 N.W.2d 49, 54 (Iowa 1972) and State v. Williams, 207 N.W.2d 98, 104 (Iowa 1973).

Wycoff contends, "Given such little time to familiarize himself with the case, Mr. Fitzgibbons must as a matter of law be considered to have been presumptively unable to provide effective assistance of counsel."

■ The right to counsel carries with it the right of counsel to prepare the client's defense. See Orcutt v. State, 173 N.W.2d 66, 69–72 (Iowa 1969), where the problem is discussed at some length and several authorities are cited.

State v. Massey, 207 N.W.2d 777, 779–780 (Iowa 1973), has this statement:

"When lack of preparation is asserted as the basis of denial of proper representation, the entire record must be examined and the totality of circumstances evaluated to determine counsel's effectiveness. \* \* \* [citing authorities]. The test is whether in all the circumstances counsel's performance was within the range of normal competency. Moore v. United States, 432 F.2d 730, 737 (3 Cir. 1970). To warrant finding a deprivation of due process, such circumstances must include 'an affirmative factual basis demonstrating counsel's inadequacy of representation.' In re Parker, 423 F.2d 1021, 1025 (8 Cir. 1970)." See also Ogden v. State, 215 N.W.2d 335, 337–338 (Iowa 1974) and authorities cited.

Finally, and important to the case at bar, "simplicity of issues and the quality of counsel's performance at trial bear on the question. \* \* \* [citing authority]." Massey, 207 N.W.2d at 780.

■ The amount of time needed varies with counsel's familiarity with the applicable law and relevant facts, issues presented and the availability of material witnesses. See Ray v. United States, 197 F.2d 268, 271 (8 Cir. 1952); Stamps v. United States, 387 F.2d 993, 995 (8 Cir. 1967); and Eubanks v. United States, 336 F.2d 269, 270 (9 Cir. 1964). Petitioner concedes this to be the rule.

The application for revocation of probation was less than one legal page in length. The three asserted violations were uncomplicated. In short, this was a simple case. An experienced attorney could well have been adequately prepared to represent Wycoff's interests.

The only issue involved was whether Wycoff violated the probation agreement. There was some confusion over whether Wycoff understood that there was a specific 11 o'clock curfew, and he denied he had broken into the shoe store and the counselor's home. Petitioner admitted he refused to work. However, on direct examination petitioner stated he was not capable of doing much of the work assigned to him.

The third violation relied on for revocation relates to the break in of the assistant counselor's home. As pointed out, Munneke testified Wycoff had admitted breaking into a shoe store and the counselor's home. On direct examination Wycoff denied commission of either of these offenses. However, on cross-examination petitioner admitted telling Munneke he had broken into the shoe store but insisted he told Munneke this only for the purpose of finding out if he could trust Munneke. In connection with the break in of the counselor's home there is Munneke's testimony that Wycoff admitted this incident and in fact pointed out the place where he had thrown the things taken from the home and helped in trying to recover them.

When one studies the totality of the circumstances, it can be concluded Mr. Fitzgibbons' "performance was within the range of normal competency." During the hearing, objections to questions calling for hearsay were raised as to testimony bearing upon the break ins. The Estherville police chief was cross-examined somewhat extensively on the issue of Wycoff's calling an attorney. Wycoff's father was called by the defense as a witness on the matter of his son's mental health. Finally, at the close of the State's evidence and at the end of all evidence, Mr. Fitzgibbons moved to dismiss the application for revocation, stating relatively extensive reasons therefor. Counsel's representation did not fall below the constitutional norm.

Under this record the court did not err in relying on Mr. Fitzgibbons' statement he was prepared to proceed with the hearing. Hence, Wycoff's constitutional rights were not violated by the court's failure to order a continuance on its own motion.

We have considered all the contentions and arguments advanced by Wycoff whether specifically mentioned or not and find none that require a reversal.

We have not based our determination on the theory of waiver by reason of counsel's failure to move for a continuance.

The matter is therefore—affirmed.