## STATE v. CONNOR.

1. **Criminal Law:** ASSAULT WITH INTENT TO COMMIT MANSLAUGHTER. The defendant being on trial on an indictment for an assault with intent to commit *murder*, *held* that it was not error for the court to instruct the jury that upon certain conclusions as to the evidence they would be justified in finding the defendant guilty of an assault with intent to commit *manslaughter*—the lesser crime being necessarily included in the greater, following *State v. White*, 45 Iowa, 325.

2. **Instructions:** PRACTICE. It is not error to refuse to give an instruction asked when another instruction given to the jury by the court covers substantially the same ground.

*Appeal from Wapello District Court*

THURSDAY, SEPTEMBER 21.

THE defendant was indicted for the crime of an assault upon one Ryan with intent to commit murder, and was convicted of an assault with intent to commit manslaughter. Judgment having been rendered upon the verdict he appeals.

*H. B. & L. C. Hendershott*, for appellant.

*Smith McPherson Attorney-general*, for the State.

ADAMS, J.—I. The court gave an instruction in these words: "If you find from the evidence that the defendant at the time and place charged in the indictment unlawfully assaulted said Ryan with a pistol and shot him in the breast, and you further find that said assault was made upon reasonable provocation in the heat of blood, but without malice, and without legal excuse, and with the intent to kill, then you would be justified in finding the defendant guilty of an assault with intent to commit manslaughter." The giving of this instruction is assigned as error.

The question presented received a very careful consideration in *State v. White*, 45 Iowa, 325. Without claiming

that the decisions are uniform, or that the objections urged by the learned counsel for the appellant are without weight, we have to say that we see no sufficient reason for departing from the rule adopted; and the instruction must be approved.

II.  The defendant asked the court to give an instruction in these words: "The burden of proof is upon the State to show, from the circumstances attending the commission of the offense, that the defendant did not act in self defense, and if the jury have a reasonable doubt on this question the defendant is entitled to that doubt, and your verdict should be not guilty."  This instruction the court refused to give, and the refusal is assigned as error.

In our opinion the eleventh instruction given by the court in respect to self defense covered substantially the one asked. That instruction is in these words: "If you find from the evidence that the defendant acted in self defense, or if after considering all the evidence you have a reasonable doubt as to whether he acted in self defense or not, you should acquit."

Had the instruction asked been given the result could not have been different.  The jury must have believed from the evidence, beyond a reasonable doubt, that the defendant did not act in self defense.  He suffered nothing by a failure to instruct more specifically in regard to the burden of proof.

We see no error in the rulings of the court, and the judgment must be

                                        AFFIRMED.