## STATE OF IOWA v. LYMAN CODY, Appellant.

<div style="float: right">94 169<br>120 247</div>

**Included Offenses.** That there was a conviction for simple assault where it should have been for assault and battery is not a finding of justifiable battery entitling to acquittal *in toto*.

**Assault:** IS CORRECTLY DEFINED as "an *unlawful attempt* to commit violence upon the person of another with the present ability to do so." The italicized words are not objectionable, and are equivalent to "with full force and violence."

KINNE, J., took no part.

*Appeal from Tama District Court.*—HON. J. R. CALD-WELL, Judge.

### THURSDAY, APRIL 4, 1895.

Indictment. Verdict of guilty and the defendant appeals.— *Affirmed.*

*W. H. Stivers* for appellant.

*Milton Remley,* attorney general, and *Thos. A. Cheshire* for the state.

Granger, J.—I. The indictment is for an assault with intent to inflict great bodily injury. The verdict is for an assault. The particulars of the offense, as charged, are that the defendant "did make an assault on one Lorenzen, and did hit, bruise, and inflict certain sore and grievous wounds upon the head of the said Lorenzen, with intent," etc. The court instructed the jury as to the offense charged, and also as to an assault and battery and an assault. The circumstances of the offense charged are, in brief, that the defendant, Lorenzen, one Skinner, and others were in a saloon, where there was a controversy on politics, when, as claimed by

defendant, Lorenzen and others made an assault on Skinner, and were about to inflict on him serious injuries, when he took up the chair and struck the blow complained of, in defense of Skinner. The defendant asked an instruction to the effect that if the blow was struck by defendant in necessary defense of Skinner, when he was being beaten by Lorenzen and others, and was in danger of bodily harm, and that defendant had no other purpose in striking the blow than to prevent the injury, and used no more force than was necessary for that purpose, then the defendant was not guilty. The correctness of the instruction asked is not questioned, but we think the same legal thought is presented in a single instruction given by the court, and, together, the instructions given elaborate the thought, and give it quite especial prominence.

II. The evidence conclusively shows that the defendant struck Lorenzen with a chair. Defendant was a witness, and so said. It is urged that, by the verdict for an assault only there is a practical finding that the blow struck was not unlawful, and hence, as the blow was lawful, the assault leading to the blow could not have been unlawful. Appellant cites a line of cases to support the rule, and speaks of *State v. Sigg*, 86 Iowa, 746, as decisive of the question. That was an indictment for rape, and the court did not instruct as to an assault, and the verdict was for an assault with intent to commit rape. The action of the court is sustained, and it is there said: "While there was evidence of an assault, there was none from which an assault could be found without finding a battery also." Another case much relied on is *State v. Mahan*, 68 Iowa, 304. The indictment was for murder in the first degree, and the verdict was for manslaughter. Complaint was made that the court did not instruct as to degrees lower than manslaughter, but

told the jury that if the defendant was not guilty of murder or manslaughter it must acquit. It was admitted that the defendant inflicted the wound that resulted in the death, and unless the blow was struck in self-defense, beyond any peradventure, there was a criminal homicide. These cases fairly illustrate the line of authorities cited. The holdings are that, in cases where it so conclusively appears that, if there is any crime, it is one of the higher degrees included in that charged in the indictment, it is not error to refuse to charge as to the lower degrees; and although some language, argumentatively used, may seem to express a broader rule, when limited, as it should be, by the subject-matter, it does not. An instruction so given only takes from the jury a right to convict of a lower degree of the crime charged, that may have fuller support in the evidence, because the evidence that warrants a conviction of such lower degree just as conclusively warrants a conviction of the higher degree. Now, a defendant has no just grounds of complaint if the court, in such a case, shall limit the action of the jury to a conviction of the higher degree or an acquittal. But we think it cannot be said to be error, prejudicial to the defendant, if, in such a case, the court should permit the jury to find as to the lower degree, if the testimony sustains the finding, which, of course, it must do to sustain a finding in the higher degree. It amounts to simply this: A defendant who has committed an offense of a higher or the highest degree charged is convicted of a lower degree, of which he is guilty. By such a course he is not prejudiced. It is, however, said that the verdict of an assault is a practical finding that there was not a battery, and, if not, in view of the admitted facts, there was no assault. But the jury found that there was an assault, though not a battery. The district court, as well as this

court, thinks the finding is sustained by the evidence, and this court would have sustained a finding of an assault and battery. Of course, the verdict concludes the case as to the degree of assault and battery, but we know of no rule to warrant us in disturbing a verdict of a degree of the offense charged, that has support, merely because we cannot account for a failure to find a verdict for a higher degree. Under an instruction given as to a conviction only of that degree of which there was no reasonable doubt, the action of the jury may be accounted for, so far as we are required to notice that fact. In some of the cases, where the effect of the evidence is, as we have indicated, to establish the higher degree of the offense as conclusively as it does the lower, substantially such language as this is used: "Under the evidence, the defendant is guilty of a higher degree or nothing." It is sought to attach to this language a legal inference that an acquittal of the higher degree is an acquittal of the lower degree. Such a conclusion is not a necessary inference from the language. We see no reason why the negative or inferential finding as to the higher degree should, as matter of law, override the affirmative or actual finding as to the lower degree. As a logical or rational proposition, the affirmative finding as to the lower degree, in such a case, would convict of the higher degree. Such could not, of course, be a legal result. The language of the cases referred to, is correct as indicating that there is as conclusively actual guilt of one degree of the offense as of the other, but its legal effect is not to hold that, when the jury shall acquit of the higher degree by a finding of guilt as to the lower, there should be an acquittal as to both, if the verdict actually returned has support in the evidence.

III. The court in one instruction defined an assault as "an unlawful attempt to commit violence

upon the person of another, with the present ability to do so." In another instruction the court said: "A battery is an unlawful beating of another. Every battery includes an assault." The complaint is of the words "unlawful attempt," and leaving out the words "with full force or violence." In the first definition the element of violence is clearly indicated. We think the definition in either case is sufficiently accurate. In Bishop's New Criminal Law (volume 1, section 548) it is said: "A battery is an unlawful beating, or other physical violence or constraint, inflicted upon a human being without his consent. * * * An assault is included in every battery." This language clearly indicates that an unlawful beating is a "wrongful physical violence." Some other points are touched upon in argument, but no error is shown. The judgment is *affirmed*.

Kinne, J., took no part in this case.