STATE OF IOWA, Appellee, v. HAROLD CRUTCHER, Appellant.

No. 45607.

DECEMBER 9, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Francis J. Kuble, County Attorney, and Walter W. Selvy, Assistant County Attorney, for appellee.

E. S. Thayer, for appellant.

GARFIELD, J.—On September 30, 1940, defendant shot Edward Patten, injuring his right arm so that amputation was necessary. Defendant admitted the shooting but claims he acted in self-defense and that in any event he was not guilty of a higher offense than assault with intent to commit manslaughter. Defendant lived in the home of a Mrs. Williams and paid some of the household expenses, including the bill for gas used in the stove. Patten was a neighbor boy, 18 years old, who had come to the Williams home to see the oldest daughter. Defendant and the daughter engaged in an argument in which defendant accused the girl of extravagance in the use of gas. A scuffle ensued between Patten and defendant. Defendant then ordered Patten to leave the house. Defendant claims that as Patten left, he threatened, "I will get you, I am going to kill you." Defendant then went to his room and got his shotgun with three loaded shells. Armed with this gun, defendant went to the corner of the house where, as he claims, Patten was advancing with a large club raised in a threatening manner. Thereupon, defendant fired the shot which wounded Patten. Patten and other State witnesses denied that defendant was threatened in any manner, by word or act. Defendant was indicted for assault with intent to commit murder, tried and convicted. Upon this appeal, the sole grounds urged for a reversal pertain to the instructions given the jury. We have not had the benefit of an argument by the State.

■■ I. Appellant's first complaint is that the court erred in not submitting to the jury the included offense of simple assault. The included offenses which were submitted are assault with intent to commit manslaughter, assault with intent to do great bodily injury, and assault and battery. We think, under the evidence, appellant was guilty of at least the included offense of assault and battery if he was guilty of assault. Appellant testified that he fired but one shot. It struck the prosecuting witness. Appellant is therefore in no position to claim that he is guilty of less than assault and battery if he is guilty of any offense. A failure to instruct as to an included offense is not error where the evidence shows the defendant guilty of the higher offense or not guilty of any offense. State v. Grba, 196 Iowa 241, 250, 194 N. W. 250; State v. Marshall, 206 Iowa 373, 377, 220 N. W. 106. Furthermore, since the jury found appellant guilty of the crime charged in the indictment, and since three lower included offenses were submitted in the court's instructions, appellant probably suffered no prejudice by the court's failure to submit the offense of simple assault. State v. Smith, 215 Iowa 374, 380, 245 N. W. 309.

■ II. Instruction 8, dealing with the law of self-defense, told the jury that where a person is assaulted by another in such manner as to induce the belief that he is in danger of losing his life or suffering great bodily harm, he may use such means to defend himself as reasonably appear necessary to him under the circumstances. The exception to the instruction is that an actual assault is not necessary before one is justified in acting in self-defense; that a reasonable apprehension that there is about to be an assault is sufficient. Instruction 9, to which appellant did not except, applies the law of self-defense stated in Instruction 8 to this particular case, and told the jury that in order for defendant to have acted in self-defense he must first have been assaulted by Patten.

No hard and fast rule can be laid down as to just what conduct on the part of deceased, in homicide cases, is sufficient to induce a reasonable belief in the accused that he is about to lose his life or suffer great bodily harm, in order to invoke the doctrine of self-defense. Each case must be considered in the light of the proven facts and circumstances. A mere threat is

not ordinarily sufficient to justify a defendant in using a deadly weapon in self-defense. 30 C. J. 66, section 237; 26 Am. Jur. 256, section 143. However, an actual assault by the victim is not always necessary in order to justify a defendant in using a deadly weapon in self-defense, if the circumstances are such as to cause a reasonable apprehension that an assault is about to be committed. 30 C. J. 64, section 235; 26 Am. Jur. 255, section 142; State v. Brooks, 192 Iowa 1107, 1117, 186 N. W. 46.

We think, therefore, that the exception to Instruction 8 is well taken. However, in our opinion, the error is not sufficient to warrant a reversal and must be deemed under the record to be without prejudice. Appellant testified that when he came to the corner of the house, he saw the Patten boy about 18 feet away coming toward him, holding up a club 15 to 18 inches long; that appellant told Patten to stop but he kept right on coming. The shot was then fired. Myrtle Scroggins testified she saw Patten coming toward the house with a club in his hand. She heard appellant say ''Stop'' and then heard the gun go off. This is all the testimony regarding any assault, either actual or contemplated, by Patten. Patten and other prosecution witnesses all denied any threatening conduct on Patten's part and claimed the shot was fired when Patten was running away from the Williams home.

The instructions defined an assault as an unlawful attempt by violence, coupled with the present ability, to do injury to the person of another, irrespective of whether the person is touched or not, ''as by lifting the fist or a cane in a threatening manner.'' Under this definition Patten clearly committed an assault upon appellant if appellant's testimony is to be believed and the jury could not have found otherwise. Appellant argues in support of his exception to Instruction 8 that the jury might not have believed that Patten's act ''in advancing upon appellant with an upraised club amounted to an assault, but might have found that it raised a reasonable apprehension that the prosecuting witness was about to make an assault on appellant.'' We think, however, under the evidence and the court's definition of assault there was no room for a jury finding that Patten was ''about to make an assault on appellant.'' If appellant's evidence was accepted, Patten made an assault. If the State's wit-

nesses were believed, Patten was not even about to assault appellant.

IIII. Instruction 12 stated that where one person assaults another with a deadly weapon and death ensues, the law presumes malice in the absence of proof, either direct or implied, to the contrary. This is said to be erroneous because a defendant is not required to prove the absence of malice. The instruction, however, placed no burden of proof upon appellant. It is also argued that the correct rule is that the use of a deadly weapon in a deadly manner creates an inference (not a presumption) of malice, in the absence of evidence (not proof) to the contrary. However, almost the identical language used by the trial court has had the repeated approval of this court, including the terms "presumption" and "proof to the contrary." State v. Hayden, 131 Iowa 1, 8, 107 N. W. 929; State v. Brown, 152 Iowa 427, 437, 132 N. W. 862; State v. Woodmansee, 212 Iowa 596, 619, 233 N. W. 725; State v. Berlovich, 220 Iowa 1288, 1294, 263 N. W. 853. The terms "evidence" and "proof" are frequently used interchangeably, although to be accurate, proof is the effect of evidence and not evidence. 20 Am. Jur. 34, section 2. Furthermore, since death of Patten did not ensue, the instruction was without prejudice in any event.

IV. Instruction 12 also tells the jury that "the selection and use of a deadly weapon, such as a pistol or shotgun, in a deadly manner, without legal excuse, raises a presumption and is evidence of malice." Appellant states his complaint against this portion of the instruction as follows:

"The qualification, 'without legal excuse,' is not broad enough to embrace all the circumstances under which no presumption of malice results from the use of a deadly weapon in a deadly manner. The instruction ignored the fact that there was evidence to the contrary which the jury might have found sufficient to rebut the presumption of malice, but which did not constitute a legal excuse for the act."

It is not claimed that the statement is erroneous as an abstract proposition. It has been frequently approved. See cases last above cited, and 30 C. J. 142, section 350. The court did not tell the jury that the presumption is conclusive. The above

portion of the instruction, when considered in the light of the instruction as a whole, is not vulnerable to appellant's complaint. The quoted portion is immediately followed by the statement that in deciding whether defendant committed an assault with intent to kill, with malice aforethought, the jury will consider all the proven facts and circumstances under which the assault, if any, was made. This, of course, would include mitigating circumstances which would reduce the offense to manslaughter, if death ensued, as well as circumstances tending to show such legal excuse as self-defense.

V. Appellant's remaining complaints are against Instruction 13 dealing with the included offense of assault with intent to commit manslaughter. In this instruction the jury was told, among other matters, that if defendant made an assault upon Patten without intent to kill, without lawful excuse, but during the assault did form an intent to kill Patten, without malice, and continued the assault with that intent, then he would be guilty of assault with intent to commit manslaughter. Appellant argues that the foregoing language "may have led the jury to believe that although he acted in self-defense, a verdict of assault with intent to commit manslaughter was authorized." It is said the words "and without lawful excuse" should have again been used following the word "malice".

Of course, appellant's claim of self-defense was a complete defense to the included crime of assault with intent to commit manslaughter. The court plainly told the jury in Instruction 8 that "self-defense is a complete defense to the charge in the indictment and all included offenses." We think appellant's criticism of Instruction 13 is without merit. The words *"continued the assault"* refer to the assault theretofore qualified as without lawful excuse. While instructions must be accurate, as we have often said, they need not be framed in the language of a technical treatise for the use of the legal profession. Their primary purpose is that a jury composed of laymen may understand the law applicable to the case.

Appellant further complains of Instruction 13 because, he says, the above language charged the jury that the offense would not be reduced to assault with intent to commit manslaughter unless defendant commenced an assault without intent to kill

and the intent to kill was formed after the assault had commenced. We are told that in manslaughter an intent to kill without malice may have been formed previous to the assault.

An assault with intent to commit manslaughter is an assault under such circumstances that had death ensued the crime would have been voluntary manslaughter. It lacks the element of malice necessary in assault with intent to murder. 30 C. J. 27, 28, section 127; State v. Bunn, 195 Iowa 9, 13, 190 N. W. 155. The trial court, in another part of Instruction 13, correctly defined manslaughter as the unlawful and willful killing of another, without malice, express or implied, and stated in substance that if defendant assaulted Patten with intent to kill him unlawfully and without malice, he would be guilty of this highest included offense. We think when the instruction is taken as a whole, it fairly states the law pertaining to this included offense and is not subject to appellant's criticism.

Finding no error, the judgment is affirmed.—Affirmed.

MILLER, C. J., and MITCHELL, STIGER, BLISS, OLIVER, HALE, and WENNERSTRUM, JJ., concur.