**Randy L. OGDEN, Appellant,**

v.

**STATE of Iowa, and Lou V. Brewer, Warden, Iowa State Penitentiary, Appellees.**

**No. 56283.**

Supreme Court of Iowa.

Feb. 20, 1974.

Vernon E. Kratchmer, Osage, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen., and Jerry H. Folkers, Co. Atty., for appellees.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

RAWLINGS, Justice.

Petitioner, Randy L. Ogden, appeals from judgment denying requested postconviction relief, The Code 1971, Chapter 663A. We affirm.

Ogden was initially charged with larceny of a motor vehicle March 16, 1968, in violation of The Code 1966, Section 321.82. Thereafter attorney Carl Conway was appointed to represent the accused.

April 25, 1968, Ogden, accompanied by counsel, appeared in open court. The presiding judge preliminarily stated the mental health institute authorities had reported their examination of Ogden disclosed no toxic effects had resulted from his glue sniffing.

As best determinable from the record defendant was then arraigned. After reading of the information Ogden responsively stated he understood its meaning. Also, upon being advised by the judge regarding right to jury trial, Ogden again acknowledged an understanding. When asked about his mental and physical health Ogden stated he felt fine and knew what he was doing. When asked whether any plea to be entered had been induced by fear or promise Ogden answered in the negative. The judge then directed that Ogden confer with his attorney, out of court, before entering a plea. In course of such conference Mr. Conway advised Ogden (1) as to elements of the charged offense; (2) nature and purpose of a jury trial; and (3) to plead guilty because a jury would probably convict.

Subsequently, in open court, with his attorney present, Ogden personally pled guilty to the charged offense. Upon being again questioned by the judge, Ogden unequivocally stated his plea was voluntarily entered, and he had committed the offense charged. Apparently defendant's plea was not then accepted but time was fixed for sentence.

May 1, 1968, Ogden and Mr. Conway presented themselves in court but acceptance of the guilty plea was deferred pending further study.

November 15, 1968, and again January 31, 1969, Ogden appeared in court with counsel. On each occasion Ogden was reminded of his rights and accorded leave to withdraw the guilty plea previously entered, but elected not to do so.

Finally, in course of the January 31st proceeding, trial court accepted the guilty plea. Defendant was thereupon adjudged guilty and judgment of not to exceed ten years imprisonment accordingly entered. Ogden was then granted probation under supervision of the Bureau of Adult Corrections. Trial court also advised Ogden regarding his appeal rights. No appeal was taken.

September 17, 1969, Ogden appeared in court. Hearing then held disclosed that on or about September 1, 1969, he had again stolen a car, when arrested had a pistol in his possession, and later attempted an escape from jail. Consequently probation was revoked and Ogden ordered committed under sentence previously imposed.

August 11, 1972, Ogden caused to be filed the instantly involved postconviction relief petition. In support of relief thereby sought petitioner alleges (1) he was under the influence of drugs when the above mentioned March 16, 1968 car theft occurred; (2) his subsequently appointed attorney did not effectively represent him; and (3) denial of a fair trial in violation of his Sixth and Fourteenth Amendment rights.

During hearing on Ogden's postconviction petition he admitted having occasionally engaged in glue sniffing; prior to entry of his guilty plea Mr. Conway had advised him regarding the right to and purpose of a jury trial; he then knew there would be no trial to a jury if a guilty plea were to be entered; he was aware of the fact that such a plea constituted an admission of the March 16, 1968 car theft, which had been committed by him; and he had not sniffed glue immediately before entry of his guilty plea. In support of the above mentioned ineffective counsel representation claim, petitioner essentially urges he was not advised by Mr. Conway respecting his right to plead not guilty. As aforesaid, postconviction relief was denied.

Issues asserted on this resultant appeal are, trial court erred in (1) holding petitioner was not denied effective representation of counsel; (2) allowing the county attorney to inquire whether Ogden stole the car as charged in the original information; and (3) not holding the instantly involved guilty plea was invalid by reason of Ogden's claimed mental impairment from glue sniffing.

I. As stated in Benton v. State, 199 N. W.2d 56, 57 (Iowa 1972): "Our review is on assigned errors and not de novo. If the trial court's findings of fact are supported by substantial evidence and are justified as a matter of law, we will not disturb the judgment entered."

II. Unquestionably Mr. Conway, as heretofore noted, did advise Ogden to plead guilty but only after having been informed by Ogden he was, in fact, guilty. Moreover, counsel had then been advised that no toxic effect had resulted from Ogden's glue sniffing.

Admittedly the right to counsel means effective assistance of an attorney. See McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970); State v. Williams, 207 N.W.2d 98, 104 (Iowa 1973).

And in State v. Massey, 207 N.W.2d 777, 780 (Iowa 1973), this court aptly stated:

"The test is whether in all the circumstances counsel's performance was within the range of normal competency. Moore v. United States, 432 F.2d 730, 737 (3 Cir. 1970). To warrant finding a deprivation of due process, such circumstances must include 'an affirmative factual basis demonstrating counsel's inadequacy of representation.' In re Parker, 423 F.2d 1021, 1025 (8 Cir. 1970)."

See also Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); United States v. Hines, 470 F.2d. 225, 231 (3d Cir. 1972), cert. denied, 410 U.S. 968, 93 S.Ct. 1452, 35 L.Ed.2d 703 (1973); United States ex rel. Tillman v. Alldredge, 350 F.Supp. 189, 193–194 (E. D.Pa.1972); State v. Kahalewai, 501 P.2d

977, 979–980 (Hawaii 1972); State v. Harper, 57 Wis.2d 543, 205 N.W.2d 1, 9 (1973). See generally, Katz "Gideon's Trumpet: Mournful and Muffled", 55 Iowa L.Rev. 523, 552–569 (1970).

No useful purpose will be served by here repeating the factual situation, *supra,* incident to Ogden's controverted guilty plea.

We are abidingly satisfied and accordingly hold, at all times material hereto Ogden had effective assistance of competent counsel.

█ III. It is next contended the postconviction trial judge erred in allowing a question to stand as to whether petitioner was, in fact guilty of the charged March 16, 1968 car theft.

In support of that claim petitioner asserts guilt or innocence is not at issue in postconviction proceedings. Supportively cited is Ely v. Haugh, 172 N.W.2d 144, 146–147 (Iowa 1969). See also Code § 663A.2; State v. Mulqueen, 188 N.W.2d 360, 362 (Iowa 1971).

Assuming, arguendo, petitioner preserved the asserted error for appellate review, it still remains the instant assignment is devoid of substance.

It is to us evident the county attorney did not ask the controverted question for purpose of establishing guilt. Rather it was directed to the previously discussed "effective assistance of counsel" issue.

Stated otherwise, it focuses upon Mr. Conway's advice to Ogden that he enter a guilty plea as to the charged offense. In light thereof trial court did not err in overruling petitioner's "immaterial to the proceedings" objection regarding the instantly involved inquiry.

Consequently, petitioner is entitled to no appellate relief on the present assignment.

█ IV. Finally, petitioner urges the guilty plea from which this postconviction proceeding stems was not knowingly and voluntarily entered.

In support thereof Ogden maintains his glue sniffing activities had so affected him physically and mentally that he was incapable of entering a voluntary guilty plea.

More specifically in course of the postconviction review hearing Ogden, as heretofore, noted, testimonially declared (1) no claim was made that he had sniffed glue immediately before entering the questioned guilty plea, but (2) the "long range" effect of his prior glue sniffing made it difficult for him to understand.

Our review of the instant assignment will be accordingly confined.

The claim thus made by petitioner is amply refuted by the record.

When Ogden appeared in open court April 25, 1968, and prior to entry of his guilty plea, the presiding judge stated, in material part:

"I made an order that you be sent to the Mental Health Institute at Independence, Iowa for evaluation, and I myself talked to the doctor about making a determination as to why you did certain things and I received a letter, and your attorney has been furnished a copy by me of that letter dated April 18, 1968 by Doctor Oestricher, Clinical Director, Mental Health Institute, in which he said it is the consensus of our staff that this patient [Ogden] is not a proper subject to psychiatric hospital treatment now and that the problem primarily falls into the area of judicial and correctional efforts. In our opinion psychiatry is no long(er) able to contribute very much to the problem through its own techniques of treatment.

"I am going to state a little more for the record about what he said.

"He said as far as this young man's glue sniffing habits are concerned, we have not been able to detect any toxic effects at this time."

Furthermore, the record reveals occurrence of this pre-plea colloquy:

"THE COURT: Are you in good health mentally and physically? MR. OGDEN: Yes.

"THE COURT: You know what you are doing? MR. OGDEN: Yes.

"THE COURT: Mr. Ogden, I will say to you I have had a chance to study your case and I know you have an I.Q. of 120 and you have superior intelligence. You are not just an ordinary boy that gets in trouble, you are an unusual boy. You are bright. Now do you think you know what you are doing? MR. OGDEN: Yes."

Viewed in light of all the circumstances we are satisfied Randy L. Ogden's guilty plea was knowingly and voluntarily entered.

Affirmed.