**STATE of Iowa, Appellee,**

v.

**Kenneth FRAZIER, Appellant.**

**No. 57838.**

Supreme Court of Iowa.

Aug. 29, 1975.

Qualley & Nelson, P. C., Sioux City, for appellant.

Richard C. Turner, Atty. Gen., and Zigmund Chwirka, Woodbury County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

LeGRAND, Justice.

This is another appeal challenging the validity of a guilty plea, seemingly freely and voluntarily tendered, because the trial court failed to observe the mandates of *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969). We reverse the trial court, set aside the plea, and remand for further proceedings consistent herewith.

Defendant's complaint is limited to the assertion the trial court neglected to determine if he understood the nature of the charge when the guilty plea was accepted. This is one of *Sisco's* requirements. 169 N.W.2d at 547. In discussing this matter, we said in *Brainard v. State,* 222 N.W.2d 711, 714 (Iowa 1975), the court must first explain the charge to defendant and, next, must determine if he understands it.

*Brainard* detailed a recommended practice to assure compliance with this rule. See 222 N.W.2d at 722. Although *Brainard* itself does not control here because defendant's plea was entered prior to the effective date of that opinion (*State v. Dentler,* 231 N.W.2d 594, Iowa, filed July 31, 1975), the fundamental problem discussed there must be decided here—did defendant understand the nature of the charge against him?

We faced a similar question in *State v. Watts,* 225 N.W.2d 143, 144–145 (Iowa 1975), where we said failure of the court to make inquiry concerning defendant's understanding of the plea does not invalidate a plea if, on the whole record, it appears defendant did in fact appreciate the nature of the charge. In that case we added this:

"The extent of the trial judge's explanation and inquiry into defendant's understanding varies with the circumstances of each case, including the complexity of the charge and other factors involved in the particular case."

Our task now, therefore, is to decide if, on this record, defendant sufficiently understood the nature of the charge so that his guilty plea can be sustained. We hold he did not.

The defendant first pled not guilty to a charge of assault with intent to commit murder in violation of § 690.6, The Code of Iowa, 1973. As a result of plea bargaining, he withdrew that plea and agreed to enter a plea of guilty to a charge of assault with intent to commit a felony, to-wit, manslaughter, in violation of § 694.5, The Code, 1973.

The trial court expressed doubt the facts would support such a charge and then the record shows the following:

"Mr. Kanter: Your Honor, if I may state, we are prepared to plead guilty to the crime of Assault With Intent to Commit a Felony, and I would rather that the Court decided if it should be, to-wit: Manslaughter, or whatever may come out from the questions you may ask the defendant. I am just not sure if the evidence would show Manslaughter.

"The Court: What else could it show?

"Mr. Kanter: The charge could show any felony at all that would—that would have been possible to have been committed, at that time.

"Mr. Deck: Carrying a concealed weapon.

"Mr. Kanter: Carrying a concealed weapon is a felony, right.

"The Court: The State recommends the Court accept this plea, is that right?

"Mr. Deck: Yes, Your Honor.

"The Court: All right, the Court will question the defendant. Would he please stand. There has been a County Attorney's Information filed accusing you of the crime of Assault with Intent to Mur-

der in violation of Section 690.6 of the 1973 Code of Iowa. Your attorney has stated that you would plead guilty to the crime of Assault With Intent to Commit a Felony. Is this right?

"Mr. Frazier: Yes, sir.

"The Court: And your plea to Assault With Intent to Commit a Felony is guilty, is that right?

"Mr. Frazier: Yes,. sir.

"The Court: All right, have any promises or threats been made to you to get you to enter a plea to this charge?

"Mr. Frazier: No, sir.

"The Court: Or any awards or inducements offered?

"Mr. Frazier: No, sir.

"The Court: What about your education? I should have mentioned that you may feel free to consult with Mr. Kanter before you answer any questions. How much education have you had?

"Mr. Frazier: I went through the ninth grade.

"The Court: You can read and write?

"Mr. Frazier: Yes.

"The Court: And understand what's taking place here today?

"Mr. Frazier: Yes.

"The Court: And how about your health?

"Mr. Frazier: I am in pretty good health.

"The Court: Your. mental health is all right, you have no problem?

"Mr. Frazier: No.

"The Court: The assault that was in the original Information was on Robert Wabashaw. Did you assault. Robert Wabashaw with intent to commit a felony? Maybe you should consult with Mr. Kanter before you make a statement.

"Mr. Frazier: I didn't mean to shoot him, you know. I shot at him, but I didn't mean to hit him at the time. When I did it.

"The Court: You shot at Mr. Wabashaw, but you didn't mean to hit him.

"Mr. Frazier: No.

"The Court: That's the whole story, is that right?

"Mr. Frazier: Yes."

The court ultimately accepted the tendered plea of guilty to the charge of assault with intent to commit a felony without specifying *what* felony. At no time during the trial court's questioning of defendant, either when the plea was taken or at sentencing, was there any mention of manslaughter or, indeed, any other felony defendant might have intended to commit at the time of the assault.

We have held a charge of assault with intent to commit a felony without specifying the felony intended is sufficient for a valid indictment or information. See *Herman v. Brewer,* 193 N.W.2d 540, 545 (Iowa 1972). However, that does not resolve the question before us. While such an indictment or information is admittedly good, we must decide if defendant understood the nature of the charge without some explanation, either by the court or from some other source.

As shown by the above excerpt from the transcript, defendant admitted he fired a gun but insisted he did not intend to hit anyone. At that point, the inquiry ended. The record casts grave doubt on whether defendant understood the nature of the offense or whether he was simply willing to plead to *any* charge carrying a lesser penalty than the crime with which he was first charged.

The procedure followed fails to substantially comply with the rules prescribed in *State v. Sisco, supra* ; neither does it meet the standards laid down in *State v. Watts, supra,* concerning the extent to which the trial court must make inquiry about defendant's understanding of the charge against him.

As in so many criminal cases reaching this court, defendant is not now represented by counsel who defended him in the trial court. We can only speculate as to whether trial counsel recognized the deficiency now

relied on. We have the same curiosity concerning the prosecutor's role when the plea was taken. Both had a duty to point out any known deficiency in the plea process.

It is unfortunate so much of our docket is devoted to appeals like the present one which could easily be avoided. We repeat what we said in *State v. Williams,* 224 N.W.2d 17, 19 (Iowa 1974):

"A lawyer does not serve his client's interest nor meet his professional responsibility if he knowingly permits his client to be convicted and sentenced upon an inadequate record. A victory on appeal is small solace to a defendant who has suffered penal consequences of a judgment which is later set aside as defective.

"Similarly, if the prosecutor is aware of a deficiency he has a duty to point it out. A prosecutor does not serve the public interest nor meet his professional responsibility if he knowingly permits a defendant to be convicted and sentenced upon an inadequate record. The public and its representatives in the judicial system have no interest in obtaining unjust convictions."

The judgment is reversed, defendant's guilty plea is set aside, and the case is remanded for further proceedings consistent herewith.

Reversed and remanded.