# IN THE COURT OF APPEALS OF IOWA

No. 15-1114
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GEOFFREY DEAN OOLMAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Sioux County, Robert J. Dull, District Associate Judge.

Geoffrey Oolman appeals from his conviction for driving while barred, in violation of Iowa Code sections 321.560 and 321.561 (2015).  **CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED.**

Jared R. Weber, Orange City, for appellant.

Thomas J. Miller, Attorney General, and Linda Hines, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Geoffrey Oolman appeals from his conviction following a bench trial for driving while barred, in violation of Iowa Code sections 321.560 and 321.561 (2015). Oolman contends his arrest and the use of a presentence investigation report (PSI) at sentencing violated his due process rights. Because Oolman waived his right to challenge the arrest, we affirm the conviction. But we conclude Oolman's due process rights were compromised at sentencing. We vacate his sentence and remand for resentencing.

This matter arose on November 28, 2015, when an off-duty police officer saw Oolman driving a vehicle at a local car wash. The officer recognized Oolman and believed Oolman's driving privileges were suspended. When asked by the officer, Oolman admitted he had driven the vehicle, and the officer gave him a verbal warning. Two days later, when he was back on duty, the officer ran Oolman's driving record through the Iowa Department of Motor Vehicles' database and discovered Oolman's license was not suspended, but rather his current status was "barred." The officer then went to Oolman's residence and arrested him for the offense.

A bench trial was held on April 14, 2015, and judgment was entered on May 5, 2015, finding Oolman guilty of driving while barred. Prior to sentencing on June 18, 2015, the State filed a motion for the court to consider a PSI prepared in November 2014 for a different criminal proceeding. On June 19, 2015, the court entered an order authorizing the use of the PSI. At the sentencing hearing held June 25, 2015, counsel for Oolman asserted a general resistance to use of the PSI based on its age. The court denied the resistance,

considered the PSI, and sentenced Oolman to a 365-day sentence, with all but thirty days suspended.

Oolman appeals, arguing the officer's arrest and the court's consideration of the PSI at sentencing violated his due process rights under article I, section 9 of the Iowa Constitution and the Fourteenth Amendment to the United States Constitution. Our review of constitutional issues is de novo. *State v. Bower*, 725 N.W.2d 435, 440 (Iowa 2006).

*1. Arrest.* First, Oolman contends the officer did not comply with Iowa Code section 321.485 (entitled Notice to appear—promise to appear) in completing his arrest. Oolman argues his arrest constituted defective procedural due process. However, section 321.485 merely provides a means by which an officer *may* address a violation of chapter 321. Moreover, "[d]efects and objections based on defects in the institution of the prosecution" must be raised before trial. Iowa R. Crim. P. 2.11(2)(a). Oolman first raised this issue in his posttrial written motion for judgment of acquittal and thus waived the claim. Even if we could agree a defect in the institution of the proceedings arose, Oolman's remedies in this proceeding would have been limited to release from pretrial custody or suppression of any incriminating statements, neither of which were requested. *See State v. Dowell*, 297 N.W.2d 93, 97-98 (Iowa 1980). We conclude there is no basis to "invalidate the prosecution" as Oolman seeks.

*2. PSI.* Oolman also asserts the district court's consideration of the PSI constituted a due process violation. Oolman contends the PSI was stale, and he did not have an opportunity to supplement or determine the accuracy of the information in the report.

Under Iowa Code section 901.2, a "court may order a presentence investigation when the offense is an aggravated misdemeanor." But here, a new presentence investigation was not ordered, and the use of an old PSI from an unrelated case in another county was authorized by the court instead. We note there is no statutory authority to use an outdated PSI from a separate criminal proceeding. *See* Iowa Code §§ 901.2, .3.

At the outset of the sentencing hearing, Oolman timely objected to the use of the outdated PSI.[1] Although the objection was somewhat general in that counsel said the objection was based on the age of the PSI, the court made no further inquiry and simply denied the objection. Further, the court expressly referenced the PSI on two occasions in explaining the reasons for the sentence. The inherent problem with using an outdated PSI is the court may rely upon facts to sentence the defendant that no longer portray a defendant's current prospects for rehabilitation. The PSI's sentencing recommendation may also be invalid or inappropriate for various reasons, including the nature of the current and different offense. Thus, the information relied upon by the court is akin to impermissible factors or information and constitutes a defect in the sentencing procedure. *See State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

The State contends Oolman did not challenge the substance of the report and did not update any of the information. But the State fails to consider the fact that the State's motion was granted without a hearing, and Oolman's timely

---

[1] We note the State's motion seeking to authorize the use of the PSI was filed on June 18, the order granting the motion was filed the next day, and defense counsel explained at the sentencing hearing held on June 25 that he was out of town when the motion was filed.

objection to the use of the report was summarily denied. Moreover, Oolman's defense counsel did try to provide some updated information in stating, "He has some health challenges, and he's seeing doctors, psychiatrists, all kinds of medical issues," and "can be better supervised when he's in the community." But the PSI reported he was in good health although undergoing mental health treatment. A current PSI could have provided an updated account of Oolman's physical and mental health information. *See* Iowa Code § 901.3(1).[2]

We distinguish these facts from the facts in *State v Hopkins*, No. 13-1103, 2014 WL 3511820 (Iowa Ct. App. July 16, 2014), where we concluded counsel was not ineffective for failing to object to the use of an outdated PSI. In *Hopkins*, the defendant was required to show prejudice resulted from the use of the outdated PSI to establish ineffective assistance of counsel. 2014 WL 3511820, at *3. Here, Oolman was not required to show prejudice because a proper objection was made by defense counsel, and Oolman does not contend counsel was ineffective.

Oolman asserts on appeal that his due process rights under article I, section 9 of the Iowa Constitution were violated by the use of the outdated PSI. He specifically identifies his procedural due process rights along with authority supporting reversal for the use of impermissible factors or information. A due process right to be sentenced on accurate information has long been recognized. *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948). A sentencing court may consider any matters in a PSI unchallenged as to its accuracy. *State v.*

---

[2] A PSI prepared for a different criminal proceeding would also lack information regarding the "harm to the victim" or "any mitigating circumstances relating to the offense" as required by section 901.3(1)(e) and (g).

*Townsend*, 238 N.W.2d 351, 358 (Iowa 1976). But here, the entire report was challenged by Oolman's objection. A previously prepared PSI from a separate criminal proceeding should only be used if the defendant consents, or if the defendant waives any objection to its use.

Accordingly, we conclude there has been a defect in the sentencing procedure violating Oolman's due process rights. We therefore vacate the sentence and remand this matter for a resentencing hearing before a different judicial officer.

**CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED.**