# IN THE COURT OF APPEALS OF IOWA

No. 16-0873
Filed August 2, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**QUINTOREY FARSHAWN D'QUA KEMP,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

A defendant appeals his sentence, asserting district court relied upon impermissible information. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Defendant Quintorey Kemp appeals his sentence, claiming the district court improperly relied upon a jury's guilty verdict in another case, where judgment had not yet been entered, to determine the sentence to impose in this case. For the reasons set out below, we find no error and affirm.

## I.      Background Facts and Procedure.

On March 24, 2014, Kemp was charged by trial information with robbery in the first degree, willful injury causing serious injury, and intimidation with a dangerous weapon with intent, in violation of Iowa Code sections 708.4(1), 708.6, and 711.2 (2014).[1] Kemp waived a jury and proceeded to a bench trial on January 15, 2016. The court found him guilty of all three charges on March 21.[2] The court ordered a presentence investigation (PSI) report and set sentencing for May 16. On April 21, the department of correctional services submitted a PSI report on Kemp as to this case, as well as another case involving him, Black Hawk County case number FECR208562. The report contained details of both crimes and sentencing recommendations as to both.

Before sentencing, Kemp and his attorney reviewed the PSI report. At sentencing, upon inquiry by the court, Kemp's attorney advised that they had no additions or corrections to the PSI. Kemp was sentenced to imprisonment not to exceed twenty-five years on the robbery charge and ten years on the other two charges, all to be served concurrently. Because Kemp was a juvenile at the time

---

[1] Black Hawk County Case No. FECR197044.
[2] Defendant appeared in court on March 25, 2016 for the return of the verdict.

of the offense, the court declined to impose the mandatory minimum sentence for the robbery charge. At sentencing the court stated:

> I also don't find appropriate, given the second case, given the jury's finding of guilt for the crime of assault while participating in a felony, I also don't find that probation is appropriate because of that. I don't find that deferred judgment is appropriate. Suspended sentence isn't appropriate. Suspended sentence with residential facility placement is not appropriate.

On appeal, Kemp argues the sentencing court abused its discretion by considering the jury's guilty verdict of assault while participating in a felony in FECR208562 because, although a jury verdict of guilt had been entered, Kemp was still awaiting sentencing—thus there was no final judgment and the court should not have relied on the verdict.

## II. Scope of Review.

This court reviews the district court's sentence for an abuse of discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* "A district court's ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law. When a sentence is not mandatory, the district court must exercise its discretion . . . ." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (internal citations and marks omitted). "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) (citing *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995)).

**III.    Discussion.**

Kemp argues that because he had only been found guilty in FECR208562, but had not yet been sentenced, that crime was "unproven" and therefore the court could not rely upon it in imposing sentence here.  For the reasons discussed below, we cannot agree.

"[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (quoting *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000)).  "A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it."  *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998).  The sentencing court is permitted to rely upon the factual contents of the PSI report that are undisputed by the defendant.  *See State v. Lame*, No. 15-1666, 2016 WL 1703018, at *1 (Iowa Ct. App. Apr. 27, 2016) (citing *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998); *Witham*, 583 N.W.2d at 678); *see also State v. Townsend*, 238 N.W.2d 351, 358 (Iowa 1976).

The department of correctional services prepared the PSI report after Kemp had been convicted in both cases—in FECR197044 by the court and FECR208562 by a jury—for use by the court in sentencing him in each case. The report contained a factual summary of Kemp's criminal conduct as well as the verdicts.  Kemp protested to the PSI report author that he was not guilty of the assault while participating in a felony, but the jury had rejected this when it

returned its guilty verdict. Kemp did not object to the contents of the report at sentencing. The facts set out in the PSI report show Kemp committed the assault while participating in a felony for which he was found guilty by a jury in FECR208562.

The court could properly consider Kemp's criminal conduct in FECR208562 under the two different bases set out in *Witham*. First, Kemp's guilt was proven as established by the jury's return of a guilty verdict. Second, even if considered "unproven," the facts before the court as set out in the PSI report showed Kemp committed the assault while participating in a felony.

## IV. Conclusion.

We find the trial court did not abuse its discretion in considering Kemp's guilt in FECR208562 in determining and imposing sentence on Kemp in the present case.

**AFFIRMED.**