**STATE of Iowa, Appellee,**

v.

**Michael William MILLSPAUGH,
Appellant.**

**No. 59980.**

Supreme Court of Iowa.

Sept. 21, 1977.

Alan. N. Waples, Burlington, for appellant.

Richard C. Turner, Atty. Gen., Richard H. Doyle IV, Asst. Atty. Gen., and Gary L. Wiegel, Henry County Atty., for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

In this appeal defendant Michael William Millspaugh assigns several errors he says the trial court committed in the trial of a charge resulting in defendant's conviction of first-degree murder of J. Raymond Traut.

Traut operated a gasoline station where defendant occasionally stopped. The day before Traut's death, defendant stopped at the station on his way to a gun shop in a nearby town; defendant was a hunter. The State claims defendant made this stop to "case" the station.

The next evening defendant cashed his check after work and played poker at the V.F.W. club. He bought $20 worth of chips and then bought more chips, although he contends he won about $33 in the game. He admitted he was having financial problems at the time.

Defendant testified he left the club intending to go to Salem, Iowa, to meet friends. In his pocket he had an automatic pistol which he testified a friend lent him to use if he saw a deer. The pistol grip protruded from his pocket.

Defendant stopped at Traut's station and bought gasoline and a bottle of pop. Traut put defendant's money for the gasoline in a money bag on top of the desk. No eyewitness to the ensuing events exists accept defendant, who testified:

I then reached for the door to leave, and as I was reaching for the door, Mr. Traut grabbed the gun out of my pocket, saying, "No, you don't." I turned around and the gun was pointed at my chest. I grabbed the barrel and grabbed his left arm holding the gun by the wrist with my other hand, and the automatic fired. When I turned around and Mr. Traut had the gun pointed at me, I thought he was going to shoot me.

As I grabbed the weapon by the barrel and his other arm by the wrist, and twist-

ed the weapon away from him so he couldn't shoot me, it went off, striking him in the face.

I just became completely unglued and released the one hand on the barrel and started to release his wrist; and in the meantime, the shell casing from the first shot landed in the area of my hand, and I caught the shell casing, and at the same time I was releasing the weapon, it fired a second shot, while Mr. Traut was falling.

He fell onto his right side and rolled onto his back, and the weapon fell to the floor. I panicked because I had never seen anything like that happen before and I was scared. I grabbed the weapon off the floor and I saw his gun and money in the bank bag; and all I could think of was my fingerprints on that money; and I got scared and wanted to cover up and get out of there; and I grabbed the gun off the floor and the money bag and left.

Defendant later traded Traut's pistol for a rifle. He bored the pin and extractor of the automatic pistol and ran a rod through the barrel, so that the weapon could not be traced.

The county attorney charged defendant with first-degree murder by killing Traut in the perpetration of robbery. Code 1975, § 690.2. The trial court submitted only that offense to the jury, which found defendant guilty as charged. The trial court passed sentence, and defendant appealed.

■ I. Defendant contends the court should have given his requested instruction that in order to prove defendant guilty of first-degree murder, the State had to establish that at the time Traut was shot defendant was perpetrating a robbery. The court's instructions 8 and 13 say the same thing in somewhat different language. Another instruction fully explained the crime of robbery. Trial courts may use their own words in instructing on the issues. *State v. Everett,* 214 N.W.2d 214 (Iowa). We find no error here. See *State v. Conner,* 241 N.W.2d 447, 462–464 (Iowa); see also *State v. Nowlin,* 244 N.W.2d 596 (Iowa).

II. Defendant asserts that the trial court erred in overruling his motion to suppress oral and written statements he gave to officers and in admitting the statements at trial.

Defendant did not confess to the crime. In one statement he stated he bought Traut's pistol outside a tavern, which was of course untrue as he acknowledged at trial. In another statement he gave a version which was very much like his testimony at trial.

Basically defendant contends he did not understand the acknowledgements and waivers of rights he signed, so his waivers were not voluntary and intelligent, and that he unsuccessfully requested counsel during interrogation, so the questioning should have ceased.

The legal questions involved are answered principally in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618, and *Brewer v. Williams,* 387 U.S. 430, 97 S.Ct. 1232, 51 L.Ed.2d 424. The problem here, however, is factual: did defendant voluntarily and intelligently waive his rights and give the information and did he request counsel during interrogation?

■ As is our duty, we have independently reviewed the totality of the circumstances to resolve these fact issues. *State v. Cullison,* 227 N.W.2d 121 (Iowa). After examining the record, we agree with the trial court's factual determination that defendant voluntarily and intelligently waived his rights and that he did not request counsel. We do not find merit in this assigned error.

■ III. Defendant next contends the State did not adduce substantial evidence of first-degree murder. On such a contention we of course view the evidence in the light most favorable to the verdict. *State v. Overstreet,* 243 N.W.2d 880 (Iowa). Upon so doing, we find defendant's contention is not meritorious.

**516**

IV. Defendant urges finally that the trial court should have submitted to the jury the included offense of manslaughter. That crime consists of unlawful homicide without malice. *State v. Drosos,* 253 Iowa 1152, 114 N.W.2d 526.

Section 785.5 of the Code provides that a jury may find a defendant guilty of a lower degree than the degree charged, and § 785.6 then provides:

> In all other cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment.

The determination of whether to submit a lesser offense involves a two-step process. *State v. Stergion,* 248 N.W.2d 911 (Iowa); *State v. Redmon,* 244 N.W.2d 792 (Iowa). We stated in *State v. Rosewall,* 239 N.W.2d 171, 174 (Iowa), "Under our cases a lesser included offense is appropriate for submission when (1) the elements of the lesser offense are an elementary part of the greater offense (the legal test) and (2) there is a factual basis in the record for submitting the included offense to the jury (the factual test)."

As to the legal test, both second-degree murder and manslaughter are included in a first-degree murder charge. § 785.5; *State v. Smith,* 132 Iowa 645, 109 N.W. 115. The question relates to the factual test— whether "there is a factual basis in the record for submitting the included offense to the jury."

The State may support a charge of manslaughter by evidence of voluntary or involuntary unlawful homicide. 40 Am. Jur.2d Homicide § 54 at 348; 40 C.J.S. Homicide § 37 at 896. The record here will not support submission of involuntary homicide; substantial evidence of criminal negligence does not appear. *State v. Wallin,* 195 N.W.2d 95 (Iowa); *State v. Moore,* 129 Iowa 514, 106 N.W. 16; *State v. Hardie,* 47 Iowa 647; 40 Am.Jur.2d Homicide § 92 at 387; 40 C.J.S. Homicide § 62 at 924. The inquiry narrows to voluntary homicide.

As we have held, on the evidence in this case the jury could reasonably find that defendant (1) intentionally shot and killed Traut, (2) with malice aforethought, (3) in the perpetration of robbery. But the jury could find on the evidence that the State did not establish any or all of these three propositions. *State v. Hall,* 214 N.W.2d 205 (Iowa). Thus if the State failed to prove the third proposition beyond a reasonable doubt but did so prove the first two propositions, the jury could find defendant guilty of second-degree murder, while if the State so proved only the first proposition the jury could find defendant guilty of voluntary manslaughter. *State v. Haffa,* 246 Iowa 1275, 71 N.W.2d 35; *State v. Hunter,* 243 Iowa 361, 51 N.W.2d 409. We conclude, therefore, that both second-degree murder and manslaughter are in this case as a factual matter and should have been submitted to the jury in addition to the principal charge.

We accordingly return the case to district court for retrial.

REVERSED.