**STATE of Iowa, Appellee,**

v.

**Eddie Lee McELROY, Appellant.**

**No. 60215.**

Supreme Court of Iowa.

Nov. 23, 1977.

C. Joseph Coleman, Jr., Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., and William J. Thatcher, Webster County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

Defendant pled guilty to the crime of rape for having sexual intercourse with an 11-year-old girl. He was sentenced to the minimum term of five years in the Men's Reformatory. (§ 698.1, The Code) He appeals from this judgment, and we affirm.

Defendant asserts the guilty plea proceedings did not conform with the standards laid down in *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969) and *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974).

We have reviewed the whole record and find it difficult to believe defendant is serious in this contention with the possible exception of the plea bargaining issue, which we discuss later. The trial court meticulously covered defendant's rights and was careful to advise him concerning each of them. The record reflects that defendant understood these matters and that his plea, saving again for later discussion the matter of plea bargaining, was a valid one.

Defendant's plea was the result of plea bargaining by which the State obligated itself to dismiss all other charges against him. These apparently included two counts of contributing to the delinquency of a minor, resisting execution of process, possession of marijuana, and "possibly some other misdemeanor charges."

Defendant now says that no other charges were pending against him. He insists he was induced to plead guilty to the rape charge in exchange for the State's promise to dismiss non-existent charges. He argues further this makes his plea involuntary and asks us to set it aside. This appeal was taken before our opinion was filed in *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977) and is not controlled by that case.

The record does not bear defendant out. At the time the plea was taken, both defense counsel and the county attorney advised the trial court of other pending charges. Defendant personally expressed agreement concerning the basis for, and the result of, the bargaining process. That was the only record before the court.

Defendant now seeks to repudiate that by including in his brief an affidavit from the clerk of court stating no charges (except the one to which he pled guilty) were pending in the Webster District Court at the time in question.

This, of course, is not the proper way to present this matter. Ordinarily we confine ourselves to the record made in the trial court. However, we elect to consider the merits of defendant's claim in an effort to avoid a later postconviction proceeding.

A plea is involuntary if based on an undisclosed or misunderstood plea bargain. *Wallace v. State*, 245 N.W.2d 325, 326–327 (Iowa 1976). This is not such a case. Defendant concedes at least several charges mentioned in the plea bargain colloquy had been the subject of juvenile court proceedings and had been transferred to district court by order of the juvenile judge. Apparently the transfer order had not yet been carried out; therefore no dismissal was necessary.

While the record would be much cleaner if formal charges had been filed and then dismissed, we believe defendant got what he bargained for. The State agreed to accept the rape plea in satisfaction of all charges pending against him. The fact such charges were then awaiting transfer from juvenile court does not alter the fact these were matters which the State could have pressed. They have not done so. The agreement has been honored.

We find no merit to defendant's claim his plea was involuntary, and the judgment is affirmed.

AFFIRMED.