**STATE of Iowa, Appellee,**

v.

**LeRoy Allen RAND, Appellant.**

**No. 60417.**

Supreme Court of Iowa.

July 26, 1979.

Philip B. Mears, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., and David H. Correll, County Atty., Waterloo, for appellee.

Considered by MOORE, C. J., and MASON,* REES, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Defendant's appeal attacks the validity of his guilty plea to a murder charge arising from the fatal shooting of a Quik Trip store attendant in Waterloo on June 8, 1976.

September 24, 1976, defendant was charged with murder "perpetrated in the course of a robbery" in violation of "Section 690.2 of the 1975 Code of Iowa."

November 12, 1976, defendant pled guilty in an extensive plea hearing which is before us in a 50-page transcript.

November 30, 1976, the degree-of-guilt hearing was held. It comprises 271 tran-

* Serving after June 14, 1978, by special assignment.

script pages. Defendant was convicted of first-degree murder and sentenced to life imprisonment.

Defendant's trial counsel served notice of appeal, followed by a well-organized motion to withdraw on the ground the appeal was frivolous. See rule 104, Rules of Appellate Procedure. Defendant, responding to the rule 104(b) notice, requested other counsel. Present counsel was then appointed. The appeal proceeded and we now affirm.

Defendant asserts his conviction should be set aside and his guilty plea vacated on grounds identified in the divisions which follow.

I. *Was defendant's guilty plea knowingly and voluntarily entered ?*

Defendant argues his plea was not voluntarily and intelligently entered, in violation of the due process clauses of the state and federal constitutions, because he did not understand the nature of the charge. See *State v. Lemburg,* 257 N.W.2d 39, 41 (Iowa 1977); *State v. Wall,* 239 N.W.2d 548, 549 (Iowa 1976).

▮ Defendant initially asserts confusion as to whether he "was pleading to an open count of murder under Section 690.1 or instead was pleading to first degree murder under Section 690.2." Of course the information unnecessarily asserted application of § 690.2. See § 773.35, The Code, 1975 (*"Permissible forms * * * Murder—A. B. murdered C. D."*). Reference to § 690.2 was surplusage. *State v. Beyer,* 258 N.W.2d 353, 357 (Iowa 1977); see § 773.31, The Code, 1975. "Any other construction would nullify the provisions of section 690.4 [degree-of-guilt hearing] whenever a plea of guilty to an indictment or information charging murder, with the surplus allegation 'in the first degree', is entered * * *." *State v. Martin,* 243 Iowa 1323, 1327, 55 N.W.2d 258, 262 (1952).

In the 1975 Code § 690.1 defines murder. Section 690.2 lists the circumstances which enhance punishment for murder to the penalties provided for first-degree murder. Other murder is classified statutorily as second-degree murder. § 690.3.

The total transcript demonstrates defendant well knew he was pleading guilty to murder, with the degree of guilt to be determined on subsequent hearing. The court read the information and code sections 690.1 through 690.4 to defendant. In response to court's questions, defendant acknowledged he had read the minutes of testimony and that they were substantially true and correct. He had discussed the facts and law thoroughly with his counsel, and fully understood and had executed a detailed written plea of guilty, submitted with his oral plea. At close of hearing defendant asserted he had no difficulty understanding the proceedings, had no questions, and understood a hearing would be held to determine the degree of guilt.

Defendant complains trial court failed to inform him specific intent to commit robbery was an element of felony murder in this case. See *State v. Buhr,* 243 N.W.2d 546, 549 (Iowa 1976).

Relating to his intent to rob, defendant's plea hearing testimony included:

THE COURT: On the way home you passed this Quik store or Quik Trip Store?

THE DEFENDANT: Yeah.

THE COURT: What happened then?

THE DEFENDANT: We robbed it.

\* \* \* \* \* \*

THE DEFENDANT: See, we were both out of money and he had a gun in his car. I think I was the one that mentioned it, about robbing it. So he said it would be all right. So he pulled off out in the grass. I got the gun out of the car, went around the back of the building and came in through the front.

\* \* \* \* \* \*

THE COURT: What did you intend to do when you left the car with the shotgun in your hand?

THE DEFENDANT: I just meant to get some money.

THE COURT: You were going into the Quik Trip Store and you were going to get some money, right?

THE DEFENDANT: Yes.

■ We will not reverse a judgment based on a guilty plea where trial court did not specifically explain each element of a crime if under all the circumstances it is apparent the accused understood the charge. *Hoskins v. State,* 246 N.W.2d 266, 268 (Iowa 1976); *State v. Townsend,* 238 N.W.2d 351, 355 (Iowa 1976). Here defendant's factual statements and admissions necessarily implied he had the requisite knowledge. See *Henderson v. Morgan,* 426 U.S. 637, 646, 91 S.Ct. 2253, 2258, 49 L.Ed.2d 108, 115 (1976); *State v. Ohnemus,* 254 N.W.2d 524, 525 (Iowa 1977). We find no error in this particular.

Defendant contends trial court was aware he entered his plea believing he could be found guilty of manslaughter or second-degree murder, yet failed to correct that belief. He asserts under Iowa law "the judge could not have found manslaughter in this case."

Manslaughter was first mentioned at the plea hearing after the court read § 690.4 to defendant, relating to the degree-of-guilt hearing, then asked him if he understood the penalties which could be imposed:

> THE DEFENDANT: Life in prison, not less than ten years to life and eight years.
>
> THE COURT: Eight years for manslaughter?
>
> THE DEFENDANT: Yes.
>
> THE COURT: If manslaughter comes into play. I take it you have gone over all this quite thoroughly with your attorneys?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: They have instructed you and advised you of all these different ramifications?
>
> THE DEFENDANT: Yeah.

It is true that defense of limited capacity due to voluntary intoxication (which defendant raised at the subsequent hearing) has been held not to reduce murder to manslaughter. *State v. Hall,* 214 N.W.2d 205, 207 (Iowa 1974); *State v. Wilson,* 166 Iowa 309, 322–323, 144 N.W. 47, 52–53, on reh. 147 N.W. 739, 740 (1914). We have approved a jury instruction that intoxication is not to be considered in connection with an included offense of manslaughter. *State v. Youngbear,* 229 N.W.2d 728, 737–738 (Iowa 1975), cert. den., 423 U.S. 1018, 96 S.Ct. 455, 46 L.Ed.2d 390 (1975).

■ But defendant loses sight of the fact trial court was engaged in a plea hearing, not a degree-of-guilt hearing. In making the required record, trial court necessarily traced the contours of the highest crime of which defendant could be convicted under the information filed and the guilty plea, if entered. Concomitantly, trial court was required to determine if there was a factual basis for the highest crime lodged against defendant. See *State v. Sisco,* 169 N.W.2d 542, 548 (Iowa 1969). But this should not place trial court in a Catch-22 situation, in which defendant is permitted to claim the record thus made precluded him from later being convicted of an included offense and therefore reference to lesser penalties misled him.

■ Our decisions have now established the rule a lesser included offense may be submitted to the fact finder when (1) the elements of the lesser offense are an elementary part of the greater offense (the legal test), and (2) there is a factual basis in the record for submitting the included offense (the factual test). *State v. Millspaugh,* 257 N.W.2d 513, 516 (Iowa 1977); *State v. Rosewall,* 239 N.W.2d 171, 174 (Iowa 1976). It is also clear that as to the legal test, both second-degree murder and manslaughter are included in a first-degree murder charge. *State v. Reese,* 259 N.W.2d 771, 778 (Iowa 1977); *Millspaugh,* supra, 257 N.W.2d at 516. Further, the essential elements of the offenses, and consequently, the included offense (insofar as the legal test is concerned), are established by the statutes and not the accusatory charge. *State v. Redmon,* 244 N.W.2d 792, 801 (Iowa 1976).

As above noted, our case law at the time of this offense indicated voluntary drug intoxication alone would not permit a finding of manslaughter. *State v. Hall,* supra, 214 N.W.2d at 208–210. But this would not prevent defendant from challenging that

law, or from attempting to develop novel theories in a degree-of-guilt hearing. See *State v. Templeton*, 258 N.W.2d 380, 382 (Iowa 1977) ("When specific intent is an element of the crime charged, evidence of voluntary intoxication is material and if sufficient to prevent the defendant from forming the requisite intent may entitle him to an acquittal."); *State v. Conner*, 241 N.W.2d 447, 463 (Iowa 1976) ("Unlike the common-law felony-murder rule, and statutes in most other jurisdictions, § 690.2 does not make all *killings* in perpetration of the designated felonies murder. It makes *murder* in perpetration of such felonies first-degree murder."); *State v. Kernes*, 262 N.W.2d 602, 606 (Iowa 1978); § 701.5 and § 813.2, Rule 21(1), Supplement to the Code 1977 ("Form of verdicts * * * 'not guilty by reason of diminished responsibility' * * *.").

*Hall*, supra, 214 N.W.2d at 209, indicates evidence of intoxication may be a consideration in determining whether a killing was second-degree murder or manslaughter where provocation was involved. See *State v. Wilson*, supra, 166 Iowa at 327–328, 144 N.W. 47, on reh. 147 N.W. at 740. Other Iowa authority indicates in certain situations a defense of accidental shooting might permit a finding of manslaughter on indictment for murder. See *State v. Melia*, 231 Iowa 332, 342, 1 N.W.2d 230, 235 (1941); see generally *State v. Fowler*, 268 N.W.2d 220 (1978); 248 N.W.2d 511, 518–20 (Iowa 1976) (affirmed on second appeal after retrial). Appeal counsel in this case faults trial counsel for not advancing an accidental shooting theory, a matter we discuss below.

■ In the final analysis, an indictment or information charging first-degree· murder includes the lesser offenses of second-degree murder and manslaughter. A plea of guilty to such a charge does not foreclose subsequent examination of the evidence under § 690.4, The Code, to determine guilt of a lesser offense. *State v. Beverlin*, 263 N.W.2d 535, 538–39 (Iowa 1978); *State v. Martin*, supra, 243 Iowa at 1328–29, 55 N.W.2d at 262–63; *State v. Grattan*, 222 Iowa 172, 176, 268 N.W. 489, 490–91 (1936);

see § 813.2, Rules 16 and 21(3), Supplement to the Code 1977. In *Grattan*, supra, defendant was charged with first-degree murder following a shooting incident. He was found guilty by a jury. The case was reversed on a legal error. He then entered a plea of guilty and the trial judge found him guilty of the crime of manslaughter. 222 Iowa at 176, 268 N.W. at 490–91.

■ While trial court evidenced some surprise when the penalty for manslaughter was injected into the plea hearing by defendant, we do not think the duty fell on the court at that point, before hearing the degree-of-guilt evidence, to advise defendant there was no possibility of a manslaughter conviction. Defense evidence and strategy, including development of favorable legal theories, were properly left to defense counsel. We find no error in this procedure.

Our above discussion disposes of several other arguments made by defendant on the issue of voluntariness of the guilty plea. We find the record reflects defendant was not misinformed as to the elements of felony murder. See *State v. Nowlin*, 244 N.W.2d 596, 604–05 (Iowa 1976).

■ Defendant complains the court did not explain to him how his defense of voluntary drug intoxication would operate. But "[t]he court is not required to inquire into the wisdom of the plea and may assume, unless alerted to the contrary, that counsel has sufficiently advised the defendant on matters relating to admissibility of evidence and possible defenses to the charge." *State v. Heinen*, 252 N.W.2d 454, 455 (Iowa 1977), and citations. We find no merit in this contention.

■ Defendant argues the procedural requirements of *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977), do not apply here because his appeal was filed before the *Reaves* opinion. He is right, *Id.*, at 493; *State v. McElroy*, 259 N.W.2d 860, 861 (Iowa 1977), but nonetheless we hold the guilty plea was constitutionally entered.

II. *Was the plea involuntary because defendant did not understand the penal consequences?*

■ A valid guilty plea must be entered with an understanding of the direct consequences of the plea, *State v. Reppert*, 215 N.W.2d 302, 304 (Iowa 1974), including the possible maximum sentence, *Allen v. State*, 217 N.W.2d 528, 530 (Iowa 1974), as well as any mandatory minimum punishment. *Brainard v. State*, 222 N.W.2d 711, 715 (Iowa 1974).

Defendant asserts he was misinformed concerning the minimum sentence because under the facts surrounding this shooting the mandatory minimum sentence was ten years to life for second-degree murder.

Much of our discussion in division I applies here. We find no evidence in the plea hearing record which shows defendant was misled by the court or his counsel. Although manslaughter was an included offense in the charge lodged against defendant, we find no evidence the court indicated to him he would be sentenced to eight years. Throughout, the court's emphasis was on first-degree murder and the penalty for that offense. We find no error on this ground.

III. *Was defendant deprived of effective assistance of counsel?*

Defendant contends he was denied effective assistance of counsel in the plea proceedings.

■ The constitutional right to counsel means effective assistance of an attorney. *Long v. Brewer*, 253 N.W.2d 549, 553 (Iowa 1977); *Zacek v. Brewer*, 241 N.W.2d 41, 51 (Iowa 1976). Our test for reviewing challenges to effectiveness of counsel is well established:

The test is whether in all the circumstances counsel's performance was within the range of normal competency. *Moore v. United States*, 432 F.2d 730, 737 (3d Cir. 1970). To warrant finding a deprivation of due process, such circumstances must include "an affirmative factual basis demonstrating counsel's inadequacy of

representation." *In re Parker*, 423 F.2d 1021, 1025 (8 Cir. 1970)

—*State v. Massey*, 207 N.W.2d 777, 780 (Iowa 1973)

See *State v. Townsend*, supra, 238 N.W.2d at 357; *State v. Dee*, 218 N.W.2d 561, 563 (Iowa 1974).

■ Defendant has the burden to show ineffectiveness of counsel and that plea-related proceedings did not measure up to requisite fairness. *Long v. Brewer*, supra, 253 N.W.2d at 554. Trial court has no duty to investigate effectiveness. *State v. Dee*, supra, 218 N.W.2d at 563.

The [Supreme] Court has placed a very heavy burden on one alleging incompetent advice, declining to find it even where both the defendant and his counsel were unaware at the time the plea was entered of substantial material facts or defenses.

—*Zacek v. Brewer*, supra, 241 N.W.2d at 49, quoting *United States v. Bluso*, 519 F.2d 473, 474 (4th Cir. 1975)

Our *Zacek* opinion, supra, 241 N.W.2d at 48, also quoted from *McMann v. Richardson*, 397 U.S. 759, 769–770, 90 S.Ct. 1441, 1448–1449, 25 L.Ed.2d 763, 772–773 (1970):

As we said in *Brady v. United States*, 397 U.S. [742], at 756–757, 90 S.Ct. [1463], at 1473–1474, 25 L.Ed.2d 747, [at 761], the decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. * * * [A] decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.

Defendant's lead district court counsel, an attorney of wide experience in the field of criminal law, has frequently and effectively represented defendants in criminal appeals in this court.

■ We find defendant's complaints relating to his attorney to be without merit. This includes the assertion counsel should have presented an accidental shooting defense.

As the facts ultimately unfolded, there was overwhelming evidence to show defendant entered the Quik Trip store armed with a 16-gauge shotgun he knew was loaded. The young attendant was talking on the telephone with his employer. Defendant had the gun aimed at him. Defendant said, "get off the phone," then shot the attendant in the face from a distance of three or four feet. Defendant commanded a witness who had been shopping in the store, "[r]un, you better run. Run." He then took the money from the cash register. While still in the store and after the shooting, defendant ejected the spent shell casing from the gun and pumped another round into the firing chamber.

Defendant has failed to show his lawyer's alleged mistake, if any, in failing to present a possible accidental shooting defense substantially prejudiced defendant's rights. See *Thomas v. Wyrick*, 535 F.2d 407, 414 (8th Cir. 1976), cert. den. 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976); *Long v. Brewer*, supra, 253 N.W.2d at 558. There is no basis upon which to reasonably conclude a jury would have found other than did the sentencing court on the degree issue.

■ Even if the defense had been a viable one, the decision whether it should be asserted was a strategic one which should not furnish grounds for reversal. See *Long v. Brewer*, supra, 253 N.W.2d at 558.

We hold defendant was not denied effective assistance of counsel.

IV. *Did trial court place burden of proving intoxication on defendant?*

Defendant argues the court erroneously placed upon him the burden of proof to negate, by a showing of intoxication, a specific intent element of the crime charged. Our decision in *State v. Templeton*, supra, 258 N.W.2d 380, had not been filed prior to § 690.4 hearing below.

Although defendant made no objection below and there is a potential issue whether the asserted error was preserved, we do not deem it necessary to consider the retroactive application of *Templeton*, or application of *State v. Wisniewski*, 171 N.W.2d 882 (Iowa 1969).

On this record we cannot determine trial court did place the burden of proving intoxication on defendant. Evidence of defendant's conduct immediately before and during the holdup plainly demonstrated a calculated intent to rob. His successful evasive tactics immediately afterwards to avoid capture and hide the weapon clearly indicated good mental and physical coordination. Reasonably interpreted, the court's ruling on the § 690.4 hearing incorporated its finding defendant's use of alcohol and "possibly drugs" may have impaired defendant's judgment, but not to the extent he could not form the specific intent to commit robbery. This finding was amply justified by the record without respect to burden of proof.

We find no reversible error on this ground.

V. *Was defendant under the influence of drugs when he entered his guilty plea?*

By affidavit submitted to this court defendant claims he was under influence of a drug, Thorazine, during the plea hearing.

During the hearing the following colloquy occurred:

THE COURT: Are you under any stress or emotional strain today so that you can't think clearly?

THE DEFENDANT: Yeah, a little bit.

\* \* \* \* \* \*

THE COURT: You are nervous, of course?

THE DEFENDANT: Yes.

THE COURT: But you can understand what I am saying, can't you?

THE DEFENDANT: Yes.

\* \* \* \* \* \*

THE COURT: Are you under any medication, drug or intoxicant this morning?

THE DEFENDANT: No.

\* \* \* \* \* \*

THE COURT: Have you taken any drugs, whether prescription or otherwise, in the last two or three weeks?

THE DEFENDANT: No.

Defendant alleged he obtained the drug from another prisoner and that he denied drug use during the hearing "for fear that I would get in trouble." His responses during the hearing offer no suggestion he was under influence of a drug.

Ordinarily issues not presented in trial court may not be raised for the first time on appeal. *State v. Nowlin*, supra, 244 N.W.2d at 604. Affidavits are insufficient to make a record on appeal. *State v. LaMar*, 260 Iowa 957, 966–967, 151 N.W.2d 496, 501–502 (1967). On direct appeal, we will not consider this issue.

We find no fatal defects in the conviction of this defendant or the judgment below. We therefore affirm.

AFFIRMED.